23 C.C.P.A.(Patents)

## In re THOMAS et al.

Patent Appeals No. 3652.

Court of Customs' and Patent Appeals.

June 8, 1936.

Marechal & Noe, of Dayton, Ohio (Greer Marechal and Lawrence B. Biebel, both of Dayton, Ohio, of counsel), for appellants.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 27, 32, 33, 37, and 38 in appellants' application for a patent for an alleged invention relating to an improved method of extinguishing fires.

At the time of the oral arguments in this court, counsel for appellants moved that the appeal be dismissed as to appealed claims 32, 33, and 38. The motion is granted.

This leaves for our consideration appealed claims 27 and 37, of which claim 27 is sufficiently illustrative. It reads:

"27. The method of extinguishing fires which comprises projecting a solution of high concentration of a compound of potassium having exceptional fire extinguishing properties in a manner to produce a finely divided spray adjacent the seat of combustion, to effectively release said compound as negative catalyst at the zone of combustion to produce a deceleration of combustion at a rate materially beyond the normal cooling and/or smothering effect of a less concentrated solution, said solution when so applied in the usual test quantities or less being capable of extinguishing a standard partition test fire in less than twenty-five seconds."

The references are: Aylsworth, 1,085,-784, February 3, 1914; Ferguson, 1,276,742, August 27, 1918; Gallagher, 1,714,015, May 21, 1929.

The following reasons of appeal are set forth in appellants' notice of appeal:

"1. The Board of Appeals erred in affirming the final rejection of claims 27, 32, 33, 37 and 38.

"2. The Board of Appeals erred in failing to allow claims 27, 32, 33, and 37.

"3. The Board of Appeals erred in failing to pass upon the merits of all of the claims in the case, including claims 27, 32, 33, 37 and 38, and the Board erred in holding that any of the claims above identified

was a new claim which did not require their consideration."

In its original decision the Board of Appeals made the following statement: "The new claims submitted have not been considered. See Ex parte Moore, 1923, C.D. 13."

Subsequent to the original decision of the Board of Appeals, appellant filed a petition for rehearing, wherein, among other things, it was alleged that no new claims were presented to the Board, but that, on the contrary, all of the claims before it had been before the Primary Examiner and were rejected by him. On March 8, 1935, subsequent to the notice of appeal to this court, the Board of Appeals, in denying the petition for rehearing, made the following observations:

" * * * It is true that on the last page of the decision we made the statement that new claims submitted have not been considered, referring to Ex parte Moore. Appellants point out that all the claims submitted on appeal have been considered by the examiner. Upon investigation we find the above statement in our former decision was in error. Each of the claims under final rejection was considered by us and the conclusions drawn in our decision apply to all the claims under rejection. We regret the inadvertence which may have misled the applicants but inasmuch as we see no good reason for changing our position, the decision should stand."

It appears, therefore, that the matters alleged in the third reason of appeal were fully disposed of by the Board of Appeals, and are not now before us for consideration.

We are confronted, therefore, as we were in the case of In re Henry H. Wheeler, 83 F.(2d) 904, 23 C.C.P.A. (Patents) ——, Patent Appeal No. 3659, decided concurrently herewith, "with the proposition of whether the reasons of appeal are in compliance with sections 4912, 4913, and 4914 of the Revised Statutes."

Section 4912, and the pertinent parts of sections 4913, 4914, and rule 149 of the Rules of Practice in the United States Patent Office, provide:

Sec. 4912 (U.S.C., title 35, § 60, 35 U.S. C.A. § 60): "When an appeal is taken to the United States Court of Customs and Patent Appeals, the appellant shall give notice thereof to the commissioner, and file in the Patent Office, within such time as the commissioner shall appoint, *his reasons of ap-*

*peal, specifically set forth in writing."* (Italics ours.)

Sec. 4913 (U.S.C., title 35, § 61, 35 U.S. C.A. § 61): "The party appealing shall lay before the court certified copies of all the original papers and evidence in the case, and the commissioner shall furnish the court with the grounds of his decision, fully set forth in writing, *touching all the points involved by the reasons of appeal."* (Italics ours.)

Sec. 4914 (U.S.C., title 35, § 62, 35 U.S. C.A. § 62): "The court, on petition, shall hear and determine such appeal, and revise the decision appealed from in a summary way, on the evidence produced before the commissioner, at such early and convenient time as the court may appoint; *and the revision shall be confined to the points set forth in the reasons of appeal."* (Italics ours.)

149: "When an appeal is taken to the U. S. Court of Customs and Patent Appeals, the appellant shall give notice thereof to the Commissioner, and file in the Patent Office, within forty days, exclusive of Sundays and holidays but including Saturday half holidays, from the date of the decision appealed from, his reasons of appeal specifically set forth in writing."

In the case of In re Henry H. Wheeler, supra, we called attention to our decision in the case of In re Wagenhorst, 64 F.(2d) 780, 20 C.C.P.A. (Patents) 991, and, with regard thereto, said:

"This court stated that, although the statute should be liberally and reasonably construed, and that rigid and inflexible rules relative to assignments of error 'sometimes applied by the courts in other proceedings' should not be applied, it was necessary, nevertheless, that the reasons of appeal be sufficiently specific to advise the court and the Patent Office of the precise questions at issue, otherwise this court could not revise the decision of the Board of Appeals on the 'points set forth in the reasons of appeal,' as required by statute.

"In our decision in that case we cited the following decisions wherein we refused to consider questions not raised in the reasons of appeal: In re Schneider, 39 F. (2d) 278, 17 C.C.P.A. (Patents) 952; Mas v. Root, 54 F.(2d) 435, 19 C.C.P.A. (Patents) 819; Southgate v. Greene, 57 F.(2d) 374, 19 C.C.P.A. (Patents) 1129; Derby Oil Co. v. White Star Refining Co., 62 F. (2d) 984, 20 C.C.P.A. (Patents) 816."

We then said:

"This is a statutory proceeding. The statute requires that the reasons of appeal shall be specifically set forth in writing; that the Commissioner of Patents shall furnish this court with the grounds of his decision, which relate to the 'points involved in the reasons of appeal'; and that the decision of this court shall be confined to a revision of the 'points set forth in the reasons of appeal.' Obviously, therefore, if the mandates of the Congress are to be carried out, this court must of necessity be advised of appellant's reasons of appeal, so that we may revise the decision of the Board of Appeals on the 'points set forth in the reasons of appeal.'

"Appellant having contended himself in his notice of appeal with the mere statement that the Board of Appeals had erred in its conclusion, both as to law and the facts, and having failed to set forth specific reasons why the decision should be either modified or reversed, this court has no authority to revise the decision of the Board of Appeals. See section 4914, R.S., supra."

In the case at bar appellants have contented themselves in their reasons of appeal with the mere statement that the Board of Appeals erred in affirming the final rejection of the appealed claims, and in failing to allow them.

Appellants having failed to set forth specific reasons why the decision of the Board of Appeals should be either modified or reversed, we have no authority, for the reasons set forth in the decision in the case of In re Henry H. Wheeler, supra, to revise the Board's decision. Accordingly, for the reasons herein stated, the appeal is dismissed.

Dismissed.