23 C.C.P.A.(Patents)

In re WHEELER.

Patent Appeals No. 3659.

Court of Customs and Patent Appeals.

June 8, 1936.

Sydney I. Prescott, of New York City (George S. Hastings, of Brooklyn, N. Y., and Wentworth B. Clapham, of Brooklyn, N. Y., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 1, 3, 5, 6, 7, and 8 in appellant's application for a patent for an alleged invention relating to automatic filler feeds for cigar machines of "the type in which a layer of filler tobacco is automatically fed into a charge forming device."

Claim 1 is sufficiently illustrative of appealed claims 1, 3, and 5. It reads:

"(1) In an automatic filler feed for cigar machines, the combination with a continuously rotating driving member, of a shaft on which said driving member is loosely mounted, a friction roller-clutch connecting said driving member and shaft, and normally operative to drive said shaft, a feed drum fixed on said shaft, a filler feeding belt driven by said drum, means for receiving a charge of filler tobacco from said belt, a yielding member disposed in said means to be pushed by the tobacco delivered to said means by said belt, and mechanism connected to said yielding member for incapacitating said clutch when the charge of

tobacco in said means attains a predetermined density."

Claims 1, 3, and 5 were rejected on the following references: Geb, 554,486, February 11, 1896; Hanson, 1,791,558, February 10, 1931.

Due to the fact that claims 6, 7, and 8 were directed to a "friction roller-clutch," one of the elements of appellant's automatic filler feeds, the tribunals of the Patent Office required division as to those claims.

The following are the only reasons of appeal set forth in appellant's notice of appeal:

"The action of both Patent Office tribunals was not accommodated to the character of the invention presented, and was in conflict with the true facts, and with the law, particularly Secs. 483, 4886, 4893, 4903, 4934, R.S. [35 U.S.C.A. §§ 6, 31, 36, 51, 78], and the law of joinder."

At the time of the oral arguments in this court, counsel for appellant moved that the appeal be dismissed as to claims 6, 7, and 8. The motion is granted. Accordingly, the latter part of the quoted reasons of appeal —"and the law of joinder," which had application to claims 6, 7, and 8 only—is without force and effect.

We are confronted, therefore, with the proposition of whether the reasons of appeal are in compliance with sections 4912, 4913, and 4914 of the Revised Statutes.

Section 4912, and the pertinent parts of sections 4913 and 4914 read:

Sec. 4912 (U.S.C., title 35, § 60, 35 U.S. C.A. § 60): "When an appeal is taken to the United States Court of Customs and Patent Appeals, the appellant shall give notice thereof to the Commissioner, and file in the Patent Office, within such time as the commissioner shall appoint, *his reasons of appeal, specifically set forth in writing.*" (Italics ours.)

Sec. 4913 (U.S.C., title 35, § 61, 35 U.S. C.A. § 61): "The party appealing shall lay before the court certified copies of all the original papers and evidence in the case, and the commissioner shall furnish the court with the grounds of his decision, fully set forth in *writing, touching all the points involved by the reasons of appeal.*" (Italics ours.)

Sec. 4914 (U.S.C., title 35, § 62, 35 U.S. C.A. § 62): "The court, on petition, shall hear and determine such appeal, and revise the decision appealed from in a summary way, on the evidence produced before the commissioner, at such early and convenient time as the court may appoint; *and the revision shall be confined to the points set forth in the reasons of appeal.*" (Italics ours.)

The pertinent part of rule 149 of the Rules of Practice in the United States Patent Office provides:

"When an appeal is taken to the U. S. Court of Customs and Patent Appeals, the appellant shall give notice thereof to the Commissioner, and file in the Patent Office, within forty days, exclusive of Sundays and holidays but including Saturday half holidays, from the date of the decision appealed from, his reasons of appeal specifically set forth in writing."

Division having been required as to claims 6, 7, and 8, and those claims having been dismissed on motion of counsel for appellant, it is clear from the "reasons of appeal" filed in the Patent Office that the only objection to the rejection of the appealed claims is that appellant is dissatisfied with the decisions of the tribunals of the Patent Office.

In the case of In re Wagenhorst, 64 F. (2d) 78, 20 C.C.P.A. (Patents) 991, this court stated that, although the statute should be liberally and reasonably construed, and that rigid and inflexible rules relative to assignments of error "sometimes applied by the courts in other proceedings" should not be applied, it was necessary, nevertheless, that the reasons of appeal be sufficiently specific to advise the court and the Patent Office of the precise questions at issue, otherwise this court could not revise the decision of the Board of Appeals on the "points set forth in the reasons of appeal," as required by statute.

In our decision in that case we cited the following decisions wherein we refused to consider questions not raised in the reasons of appeal: In re Schneider, 39 F.(2d) 278, 17 C.C.P.A. (Patents) 952; Mas v. Root, 54 F.(2d) 435, 19 C.C.P.A. (Patents) 819; Southgate v. Greene, 57 F.(2d) 374, 19 C.C.P.A. (Patents) 1129; Derby Oil Co. v. White Star Refining Co., 62 F.(2d) 984, 20 C.C.P.A. (Patents) 816.

This is a statutory proceeding. The statute requires that the reasons of appeal shall be specifically set forth in writing; that the Commissioner of Patents shall furnish this court with the grounds of his decision, which relate to the "points involved in the reasons of appeal"; and that the decision of this court shall be confined to a revision of

906

the "points set forth in the reasons of appeal." Obviously, therefore, if the mandates of the Congress are to be carried out, this court must of necessity be advised of appellant's reasons of appeal, so that we may revise the decision of the Board of Appeals on the "points set forth in the reasons of appeal."

Appellant having contented himself in his notice of appeal with the mere statement that the Board of Appeals had erred in its conclusion, both as to law and the facts, and having failed to set forth specific reasons why the decision should be either modified or reversed, this court has no authority to revise the decision of the Board of Appeals. See section 4914, R.S., supra; In re Thomas et al., 83 F.(2d) 902, 23 C.C.P.A. (Patents) ——, decided concurrently herewith. Accordingly, for the reasons herein stated, the appeal is dismissed.

Dismissed.