29 C.C.P.A.(Patents)

## In re WESSELMAN.

**Patent Appeal No. 4544.**

Court of Customs and Patent Appeals.

April 27, 1942.

Frank Zugelter, of Cincinnati, Ohio (Donald Gardiner, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Clarence W. Moore, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT. and JACKSON, Associate Judges.

LENROOT, Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Primary Examiner rejecting claims 16 and 17 of appellant's application for a patent. Eight claims were allowed.

Appellant's application relates to a carrier for a plurality of bottles, said carrier being made out of flexible cardboard. In view of the conclusion we have reached in the case it is unnecessary to set out the claims in the opinion.

The references cited are:

Johnson, 1,981,647, November 20, 1934.

Wesselman, 2,171,615, September 5, 1939.

Appellant's alleged invention is described by the Board of Appeals in its decision as follows:

"The invention relates to a bottle carrier made of flexible cardboard. The construction is fully set forth in the above claim. The invention is admitted to be an alleged improvement on the Wesselman patent cited. The improvement consists mainly in providing a median score line between the lines 12 and 12 in this patent. This score line is shown at 10 in Fig. 4 of the present application. The purpose of this score line is to permit folding of the paper along the line. It is also alleged that this fold line performs an additional function of permitting the bottom to sag down so that the bottles will not rest on the bottom but will be supported entirely by the side walls when the carrier is raised."

Appellant's application was filed on December 31, 1936. The cited patent to appellant was granted on September 5, 1939, upon an application filed October 19, 1936; therefore, appellant's instant application was co-pending with his application of October 19, 1936, at the time his patent was issued upon said last-named application.

The involved claims were rejected upon the ground that, in view of the patent to Johnson, they defined nothing patentable over claims 1 and 2 of appellant's patent.

Appellant filed only one reason of appeal, which reads as follows: "1. The Board of Appeals erred in affirming the

primary examiner's final rejection of claims 16 and 17 as amended to date."

The Solicitor for the Patent Office raised the question of the sufficiency of this reason of appeal to give this court jurisdiction of the subject matter here involved.

We must hold that, appellant having failed to comply with the provisions of section 4912, R.S., 35 U.S.C.A. § 60, which requires an appellant to file reasons of appeal, specifically set forth in writing, we have no authority to consider the patentability of appellant's claims.

■ We have repeatedly held that such purported reasons of appeal as appellant has filed are insufficient to confer jurisdiction upon this court to review decisions of the Patent Office tribunals. In re Rosenblatt, 118 F.2d 590, 28 C.C.P.A., Patents, 1036; In re Thomas et al., 83 F.2d 902, 23 C.C.P.A., Patents, 1238; In re Wheeler, 83 F.2d 904, 23 C.C.P.A., Patents, 1241.

In the case of In re Rosenblatt, supra [118 F.2d 591, 28 C.C.P.A., Patents, 1036] we said:

"In the case of In re Laura Schneider, 39 F.2d 278, 279, 17 C.C.P.A., Patents, 952, which came before us during the first year of our patent jurisdiction, we had occasion to say:

" 'Those appealing to this court should give to the court, by specific assignments, and with particularity, all grounds of alleged error upon which they rely.'

"The reason for and the philosophy of the rule, even aside from the statutory provisions, are so clear that no extensive discussion of those matters need be indulged. This court does not wish to seem super-technical, but it is entitled to have from those appealing a clear and specific statement of the exact points relied upon, and upon this we must insist. * * *"

Appellant relies upon our decision in the case of In re Wagenhorst, 64 F.2d 780, 785, 20 C.C.P.A., Patents, 991, as supporting the sufficiency of his reason of appeal.

In that case the reason of appeal stated: "The Board of Appeals erred in *affirming the reason of the Primary Examiner*" finally rejecting certain claims of the application there involved. It is true that a majority of this court held that this reason of appeal complied with the statute, but we have never held that a reason of appeal such as is here before us was sufficient.

■ Appellant's position apparently is that where the Board of Appeals affirms a decision of the Primary Examiner for the same reasons as were assigned by the examiner, no specific reasons of appeal are necessary. Our decisions are to the contrary.

■ Finally, we would observe that in appellant's brief he contends that it was improper under the circumstances to join his co-pending patent application with the disclosure of the Johnson patent, and, secondly, that even though such joining was proper, nevertheless the combination is patentable.

It is so obvious that these matters should have been set forth in appellant's reasons of appeal that further discussion is unnecessary.

Appellant having failed to set forth specific reasons why the decision of the Board of Appeals should be reversed, we have no authority under our statutory jurisdiction to review the decision appealed from.

Accordingly the appeal is dismissed.

Appeal dismissed.