12 C.C.P.A.(Patents)

## Application of Abraham Joseph NUTMAN.

### Patent Appeal No. 6121.

United States Court of Customs and Patent Appeals.

May 25, 1955.

Abraham Joseph Nutman, pro se.

E. L. Reynolds, Washington, D. C., for Commissioner of Patents.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY and COLE, Judges.

GARRETT, Chief Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of claims numbered 4 to 7 inclusive, apparently being all the claims in appellant's application, serial No. 232,879, filed June 21, 1951, entitled "for Plastic Mercury Composition."

Claim No. 6 which was reproduced by the board as illustrative reads as follows:

"6. A Plastic Mercury Composition the Polyamide Combinations and mercury, with the mercuric and mercurous compounds for phonograph needles whether fixed (Permanent) (Electronic) or individual ones. Diaphragms for phones, hearing devices and stethoscope also for other electronic applications and other uses also for Reflectors."

It is said in the board's decision that appellant's application was "apparently prepared by appellant *pro se.*" This appears to be true, and it may be said that appellant also represented himself before this court.

As has been stated, four claims are in issue.

The original specification filed June 21, 1951, contains the following statement:

"The object of my invention is the production of a plastic composition and other compositions as described that will be super-sensitive to the electronic surge & currents, to be used as a phonograph or a Electronic Phono needle whether permanent or changeable, which can be tipped with mercury or into the entire plastic or coated on the plastic, or with mercurous compounds, or other uses as a electronic conductor or for polarization, or light refraction or diaphragms, a composition that will vibrate, modulate with radionics, tone compensation. The polyamide combinations with mercury or mercurous compounds, Phono needles whether tipped or coated, whether fixed permanent or individual ones or other electronic or radionic applications. The cellulose acetate or synthetic polymer resins with mercury or mercurous compounds, Phono needles fixed or individual ones also other Radionic or Electronic applications.

"Methyl methacrylate with mercury or mercurous compounds, Phono needles fixed or individual ones

also other radionic or electronic applications.

"By heat & pressure plastic & mercury or mercurous compounds also Polymide with mercury or mercurous compounds."

A substitute specification was filed December 21, 1951, but it does not seem to us to correct any defects in the original. Such changes as were made in fact contain new matter which was found to be a "departure from the original disclosure" which is in violation of Patent Office Rule 118.

The only reference relied upon by the tribunals of the Patent Office was a patent issued to Howard E. Smith et al. entitled "Fungistatic Plastics," but the rejection was not based solely upon that patent.

One of the difficulties attending appellant's appeal of Claims 4, 5 and 7 is pointed out in the brief of the Patent Office Solicitor as follows:

"* * * Claims 4, 5 and 7 were rejected 'as not readable on the constructively elected plastic material (polyamide).' *No error is assigned as to that holding in the appellant's reasons of appeal and no argument on the matter is presented in his appeal brief.* It follows that the rejection of those claims should be affirmed without further consideration, In re Wesselman, 127 F.2d 311, 29 C.C.P.A., Patents, 988." [Italics ours.]

See also In re Rosenblatt, 118 F.2d 590, 28 C.C.P.A., Patents, 1036; In re Thomas, 83 F.2d 902, 23 C.C.P.A., Patents, 1238; In re Wheeler, 23 C.C.P.A., Patents, 1241, 83 F.2d 904; In re Hultquist, 203 F.2d 758, 40 C.C.P.A., Patents, 927.

The Board of Appeals concluded its findings as follows:

"Appellant's brief does not satisfactorily explain or avoid the two most serious criticisms advanced by the Examiner. The first of these criticisms is to the effect that the original description is so defective that it fails to provide a basis for any patentable subject matter. While apparently appellant disagrees with the criticisms advanced by the Examiner in this respect, he fails to point to a proper and complete description of any particular compositions or of methods of making or using such compositions, all of which must be disclosed in order to provide a compliance with the statute, a portion of which was quoted above. The Examiner refers to the requirements of Rule 71 paragraph (b) which is a statement in practical form of what is required to comply with the statute which we quoted above.

"The Examiner also criticises the claims as being indefinite and in non-understandable language. Appellant has failed to present a proper explanation or justification for the language used in the claims presented."

We are unable to find any law which might justify reversal, or justify a conclusion other than that reached by the tribunals of the Patent Office, and the decision appealed from is affirmed.

Affirmed.