31 C.C.P.A.(Patents)

**In re FREEDLANDER.**

**Patent Appeals No. 4910.**

Court of Customs and Patent Appeals.
June 26, 1944.

Toulmin & Toulmin, of Dayton, Ohio (John M. Mason, H. A. Toulmin, Jr., Rowan A. Greer, and Duward C. Staley, all of Dayton, Ohio, of counsel), for appellant.

W. W. Cochran, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

December 1, 1936, a patent (No. 2,062,-568), entitled "Cog Belt," was issued to appellant, assignor to the Dayton Rubber Manufacturing Company, Dayton, Ohio. It contained seven claims. More than four years thereafter, specificall; on February 17, 1941, an application was filed for reissue. The application for reissue, in addition to the seven claims of the patent, presented ten additional claims numbered 8 to 17, inclusive.

All the additional claims were rejected by the examiner, and the seven claims of the patent were also rejected, so far as the reissue application is concerned.

Appeal was taken to the Board of Appeals from whose decision it appears that claims 8 to 12, inclusive, were withdrawn, and the board dismissed the appeal as to them.

The board affirmed the examiner's rejection of claims 13 to 17, inclusive, for reasons hereinafter particularized (and also affirmed as to claims 1 to 7, inclusive, the claims of the patent), and the instant appeal to this court was taken.

Before us claims 14 and 16 were withdrawn and the appeal as to them will be dismissed.

Since claims 1 to 7, inclusive, are the patent claims they require no consideration by us upon their merits, and we have to consider only the issues respecting claims 13, 15, and 17.

It appears from the statement of the examiner following the appeal to the board that he applied different grounds of rejection. He rejected claims 13 and 15 as being fully met by a patent, No. 1,789,726, issued January 20, 1931, to one Ralph H. Chilton, and rejected claim 17 as not readable on applicant's disclosure. He also rejected all three of the claims, along with others not here involved, upon an additional ground stated as follows: "Claims 13-17 are further rejected on the ground

that applicant has lost his right to such claims through unreasonable delay in presenting them. These claims are *admittedly broader* than the patent claims and a period of four years elapsed since the issuance of applicant's patent and the filing of this reissue application. Miller v. Bridgeport Brass Co., [104 U.S. 350, 26 L.Ed. 783], 1882 C.D. 49; In re Seabury, [108 F.2d 232, 27 C.C.P.A., Patents, 777], 1940 C.D. 115." (Italics ours.)

The board affirmed the rejection of claims 13 and 15 on the patent to Chilton but reversed the holding of the examiner that claim 17 is not readable on applicant's disclosure. It, however, affirmed the rejection of all the appealed claims because of the delay in filing the reissue application.

In discussing the latter ground the board said: "Appellant presents considerable argument about the law in the case and discusses the question of whether the claims on appeal added to those in the patent by reissue are actually broader or more specific than *the claims presented during the prosecution of the patent*. In our opinion, this is beside the point. The question of law as presented here is whether appellant, after four years, is to be allowed claims broader than the *patent claims* in view of decisions holding that the period for presenting such claims is not to be extended beyond two years under normal circumstances and we have not been shown any unusual circumstances in the present case. (Rancourt v. Panco Rubber Co. [1 Cir.] 67 F.2d 790; Byck & Peakes, 25 [U.S.] P. Q. 28 [211]; Thele 36 [U.S.] P. Q. 112; National Nut Co. of California v. Sontag Chain Stores Co. [9 Cir.] 170 [107] F.2d 318.) We believe that appellant delayed too long in filing a reissue application." (Italics supplied.)

We first consider the rejection based on the ground of delay in filing the application for reissue, and it may be said at the outset that it presents a somewhat difficult problem for the following reasons:

It will be observed from the excerpt from the examiner's decision above quoted that he states that those claims are "admittedly broader" than the patent claims. The examiner made no comparison of any of the new claims with the patent claims to show wherein they were broader. The only reasonable deduction to be drawn from this state of facts is that appellant admitted before the examiner that they were broader, and this deduction is strengthened by the fact that in appellant's "grounds for appeal" to the board (which are printed as a part of the record before us) appellant did not allege any error as to that finding.

In sustaining the examiner's rejection on that ground, the board made no comparisons. The failure to do so doubtless was due to appellant's failure to raise the question in its grounds for appeal. From the decision of the board on that point (and we have quoted all that the board said on the subject), it would seem that appellant did argue before the board that the new claims are more specific and, in fact, narrower than some claims which were presented during the prosecution of the application which eventuated in the patent, but which (we deduce from appellant's brief before us) were cancelled and do not appear in the patent. This evidently is what the board referred to in the sentence reading: "In our opinion, this is beside the point." The board obviously accepted the unchallenged finding of the examiner that the new claims are "admittedly broader" than the claims appearing in the patent, and proceeded on that basis.

In its reasons of appeal before us, however, appellant has alleged specifically that the board erred in not reversing the examiner's decision that reissue claims 13, 15, and 17 "are concede'ly [concededly] broader than the claims of the Freedlander patent 2,062,568." (It will be observed that "concede'ly" is used instead of "admittedly," the term used by the examiner.) Appellant thus presents to the court a question which it did not present to the board in any ground of appeal, and seeks to have the court consider, practically de novo, the question of whether reissue claims 13, 15, and 17 are in fact broader than the claims of the patent.

Such is the tangled situation before us with respect to the breadth of the reissue claims.

It seems impossible to escape the conclusion that appellant shifted ground between the decisions in the Patent Office and the appeal to this court, and we may say here that if we felt constrained to reverse the decision of the board we should not feel it proper to make such reversal final, but would feel it necessary to remand the case in order that the tribunals of the

Patent Office might pass upon any technical questions involved not presented to them, so far as the record shows, during their consideration of the case.

We do not think, however, that there is any ground for reversal.

In its original brief before us counsel for appellant do not present any comparison of reissue claims 13 and 15 with the patent claims, but do compare reissue claim 17 (alleged to be the broadest of the three) with patent claim 4. In a reply brief reissue claim 13 (which is agreed to be the same as reissue claim 15, so far as breadth is concerned) is compared with "prior art" generally (seemingly principally with the patent to Chilton). It is insisted that reissue claims 13 and 15 are more specific and, therefore, narrower than reissue claim 17, and that if the latter be not broader than the patent claims it logically follows that the two former are not broader.

It will be borne in mind that, under the decision of the board, claim 17 was held to be broader than the patent claims and that it stands rejected on the sole ground of delay in filing the application for reissue, no reasons for such delay having been given by appellant.

Appellant in his original brief before us compared claim 4 of the patent with reissue claim 17 element by element, his breakdown of the two (the italics his) being as follows:

An extensive argument then follows in the effort to convince the court that claim 17 is in certain respects narrower than claim 4 and in no respect broader. As of course, the only question important to be determined here is whether the claim is in any respect broader than the original patent claims. The fact that it may be narrower in some respects is of no consequence. We quote the following from the brief of the Solicitor for the Patent Office (omitting record page references): "Appellant correctly states * * *, as to the question whether the claims of the reissue application are broader than the claims of the patent, that the test is 'to determine whether any structure that infringes the claims of the reissue application would infringe the claims of the original patent,' and that if this condition is not true 'the claims of the reissue application are broader than the claims of the patent.' To demonstrate his position, appellant * * * compares claim 4 of his patent with claim 17 of his application. In accordance with appellant's own statement of the proper test to be applied, claim 17 of his application is broader than claim 4 of his patent if any section of claim 17 is broader than any section of claim 4. It is submitted that section 8 of claim 17 is broader than section 8 of claim 4. Section 8 of claim 4 is a very clear statement that in the straight section of the belt the portion 5 has sides of concave form 8 * * * and that

| Freedlander Patent 2,062,568 Claim 4 | Freedlander Reissue Ser. No. 379,389 Claim 17 |
|---|---|
| 1. as an article of manufacture, | 1. as an article of manufacture, |
| 2. a belt | 2. a belt of general trapezoidal section having |
| | 3. a substantially inextensible core along the neutral axis thereof with |
| | 4. a tension section on one side thereof and |
| | 5. a compression section on the opposite side thereof, |
| 6. having a plurality of straight-sided teeth *on one side thereof,* | 6. *one of said sections* being composed of teeth |
| 7. said teeth having interposed therebetween sections of softer material | 7. having interposed therebetween sections of softer material |
| 8. of such shape as to have *concave side surfaces* when the belt is *flat* and *flat side surfaces* coextensive with the side surfaces of the teeth when the belt is *bent.* | 8. of such shape as to alternately present *concave* and *straight side* surfaces *when flexed between* the *straight run* of the belt and a *radius,* |
| | 9. the other of said sections being composed of a rubberized fabric material. |

when the belt is flexed the portion 5, or sides 7 of the portion 5, are flat * * *. Section 8 of claim 17, on the other hand, is broader because it merely states that the sides of the member 5 alternately present concave and straight side surfaces without stating the concave formation occurs when the belt is straight and without stating the straight formation occurs when the belt is flexed."

We agree with the foregoing.

With respect to claims 13 and 15, we again quote from the brief of the Solicitor for the Patent Office: "Appellant does not discuss the breadth of claims 13 and 15 as compared with the breadth of the claims of his patent except by stating that said claims 13 and 15 are more limited than claim 17. It may be true that these claims are more limited in some respects than claim 17 or any of the claims of his patent, but that is not the question. The question is whether these claims are broader than the claims of the patent in *any* respect. These claims 13 and 15 make no mention of the straight sides of portion 5 of the belt when the belt is straight or the concave sides of the portion 5 when the belt is flexed, yet every claim of the patent contains a recitation of this structure. Claims 13 and 15 are therefore manifestly broader than any claim of the patent." (Italics quoted.)

Appellant's discussion in his reply brief does not convince us that the foregoing statement of the solicitor is erroneous.

We, therefore, approve the rejection of claims 13, 15, and 17 on the ground that they are broader than the claims of the patent, and that appellant has not shown any reason for the long delay in filing the reissues application. See decision in the case of In re Seabury et al., 108 F.2d 232, 27 C.C.P.A., Patents, 777.

While it is unnecessary to our decision to discuss in detail the rejection of claims 13 and 15 on the patent to Chilton, we will state that that ground of rejection has been studied by us and we are of opinion that the tribunals of the Patent Office were correct in their holdings in that regard.

The appeal as to claims 14 and 16 is dismissed, and the decision of the board is affirmed.

Affirmed.