29 C.C.P.A.(Patents)

## In re ROTHENBERG et al.

### Patent Appeals No. 4631.

Court of Customs and Patent Appeals.
July 6, 1942.

Charles W. Mortimer, of New York City, for appellants.

W. W. Cochran, of Washington, D. C. (Clarence W. Moore, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

The Primary Examiner of the United States Patent Office finally rejected all the claims of appellants' application for a patent relating to a removable waterproof casing for flashlights. On appeal to the Board of Appeals, the decision of the examiner was affirmed as to claims 1, 2, 6, 7, 8, 9, 10, 11, 12, and 15 but reversed as to claims 3, 13 and 14.

In this court appellants moved to dismiss the appeal as to claim 15, and the motion will be granted. This leaves for consideration claims 1, 2, 6, 7, 8, 9, 10, 11, and 12. These claims read:

"1. A removable waterproof jacket for a flashlight casing, said jacket comprising a plurality of disengageable flexible parts having watertight joints at least one of which joints is kept tight by said casing.

"2. A removable waterproof jacket for a flashlight casing divided transversely and having an abutting junction, and means to render said junction watertight.

"6. A removable waterproof jacket for a flashlight comprising a plurality of disengageable parts having watertight joints, and means comprising a shoulder on said flashlight to limit longitudinal movement of a flashlight in said casing in one direction.

"7. A removable waterproof jacket for a flashlight comprising a plurality of disengageable parts having watertight joints, and having a thinned portion through which to facilitate operating the switch mechanism of the flashlight.

"8. A removable waterproof jacket for a flashlight comprising a plurality of disengageable flexible parts having watertight joints, and means on said flashlight for pressing the ends of two of said parts together.

"9. A removable waterproof jacket for a flashlight comprising a plurality of disengageable flexible parts having watertight joints, and means on said flashlight comprising screw threads for pressing the ends of two of said parts together.

"10. A removable waterproof jacket for a flashlight comprising a plurality of disengageable flexible parts having watertight joints, adapted to be disengaged to replace a lamp bulb or the battery of a flashlight without removing the flashlight from said casing.

"11. A removable waterproof jacket for a flashlight comprising a middle section of rubber and including sections of flexible rubber connected to said middle section so as to make watertight joints.

"12. A removable waterproof jacket for a flashlight comprising a middle section of removable rubber and including sections of flexible rubber connected to said middle section so as to make watertight joints."

The references relied upon are: McGiff, 1,174,594, Mar. 7, 1916; James et al., 1,223,883, Apr. 24, 1917; Joers, 2,001,363, May 14, 1935; Meginniss, 2,016,819, Oct. 8, 1935; Langdon, 2,099,405, Nov. 16, 1937; Adams, 2,119,146, May 31, 1938; Joers, 2,143,558, Jan. 10, 1939; Lennan, 2,176,084, Oct. 17, 1939; Rogge, (Brit.) 418,470, of 1934.

It may be said that appellants' alleged invention, as explained by them in brief and oral argument, consists, for the most part, in the broad concept of making, of waterproof material, a three-piece casing or jacket which, when assembled over a flashlight, will have its joints so arranged

that water cannot penetrate through the jacket to the flashlight.

The examiner rejected claims 1 and 2 as unpatentable over Rogge in view of the two Joers patents.

He rejected claim 6 as "extremely broad" and as reading fully on the disclosure of both Joers patents.

He rejected claim 7 on the patents to Rogge and McGiff and cited the Lennan patent as showing broadly the limitation of a switch to be operated through a thinned portion of the jacket.

Claims 8, 9, and 10 were rejected by the examiner as failing to define patentably over the James et al. patent, and claims 8 and 10 were further rejected as failing to distinguish in any patentable respect over the Joers patent No. 2,001,363.

The examiner rejected claims 11 and 12 on Rogge, James et al., and both Joers patents.

The material portions of the decision of the Board of Appeals read as follows:

"The examiner has rejected claims 1, 2 and 3 as unpatentable over the patents to Rogge and Joers. The Joers patent, No. 2,001,363, for example, discloses a covering for a flashlight which is composed of two members, a body portion and a cap portion extended over the end of the body portion as illustrated in the drawings. Appellant argues that none of these patents shows a waterproof jacket for a flashlight casing having three parts as specified in Claim 1. Claim 1 does not call for a jacket having three parts, but even if it did, it is believed it would not be patentable to merely form the cover of the Joers patent referred to above of an increased number of parts and it is believed that claims 1 and 2 are unpatentable over these references.

\*      \*      \*      \*      \*      \*      \*

"Claim 6 has been rejected on the Joers patents and it is believed unpatentable for reasons given by the examiner.

"Claim 7 has been rejected on the patents to Rogge and McGiff and it is believed this rejection is proper. The examiner has referred to the Lennan patent which shows broadly the limitation of a switch to be operated through a thin portion of the cover.

"Claims 8, and 9 and 10 have been rejected as failing to define patentability over the James et al. patent and further claims 8 and 10 as failing to distinguish in a patentable respect over Joers, No. 2,001,363. The James et al. patent discloses a waterproof casing for a flashlight comprising a plurality of disengageable parts and means on the flashlight for pressing the ends of the parts together. This language is so broad that it is believed not to render the claims patentable over the screw-threaded connection in the James et al. patent. To merely make this covering of the James et al. patent flexible or more flexible than disclosed would seem not to amount to a patentable limitation.

"Claims 11 and 12 have been rejected on the patents to Rogge, James et al. and Joers and it is believed that to include an increased number of sections in the cover and connect them together by overlapping as in the Joers patent, No. 2,001,363, would not amount to a patentable improvement. [reference to drawing numerals omitted]".

The main contention of appellants in brief and oral argument is that by constructing their waterproof jacket in three parts and making the joints watertight they have done something that no one else had ever done and that new and useful results flow therefrom in that the particular construction of a three-part casing of rubber not only seals the flashlight against water and moisture but also enables the user to disassemble the same quickly and conveniently for the purpose of inserting new batteries or light bulbs, whereas, in the prior art, the structures of the various inventors had certain objections which have been overcome by appellants' device. These facts have been referred to in the decision below, and, under the circumstances, no extended comment here is necessary.

Rogge is an English patent for "Portable Electric Battery Lamps, particularly Torches." Rogge emphasizes using a rubber covering over the lighting end of the flashlight so as to prevent water or moisture from injuring the same. He says: "Depending upon the construction of the torch, the rubber cushion and the protective sheath for the contacts may also consist of several parts which then, however, preferably overlap so that also with this form protection is ensured."

He further states: "\* \* \* The rubber cushion, acting primarily as a protective ring, may, however, also be further utilised to prevent the movable parts of the

torch from being damaged by the slots in the torch-body, such as cannot otherwise be avoided, for example, during use in field-operations and the like. For this purpose, it is sufficient to extend the cushion-ring rearwardly over the contacts and slots to form a sheath for the sensitive movable parts of the torch, this sheath being integral with the cushion-ring and capable of being easily mounted or rolled up. Naturally, this extension may also be made in rubber-sheet so thin that the contacts can be actuated without rolling up the rubber sheath. * * *"

Joers' patent No. 2,001,363 discloses a covering for a flashlight, which is composed of two members, a body portion and a cap portion. The cap portion extends over the end of the body portion.

As to claims 1 and 2, appellants argue that the Rogge and Joers patents do not show a three-part construction. It was the view of the board, however, that making the casing in three parts instead of two would not constitute a patentable distinction over these patents.

Claim 6 calls for a plurality of parts having watertight joints "and means comprising a shoulder on said flashlight to limit longitudinal movement of a flashlight in said casing in one direction." This claim, as pointed out before, was rejected on the Joers patents, and the board held that the rejection was proper "for reasons given by the examiner." Concerning this claim, the examiner pointed out that the jacket and lens of the Joers flashlight comprise a plurality of disengageable parts and that the rear wall forms a shoulder limiting movement of the inside parts in one direction.

The board approved the examiner's rejection of claim 7 on the patents to Rogge and McGiff. We have stated what Rogge shows. McGiff has a jacket or casing of one part without any joint. One of the limitations of claim 7 is a "thinned portion" in the jacket through which the operation of the switch mechanism of the flashlight is facilitated. In the McGiff patent we find the following language (drawing numerals omitted): "Surrounding the holder is an impervious sack or pocket, which may preferably be constructed of rubber, provided with an elastic beaded mouth adapted to be tightly fitted around the lamp holder below the lens in such manner that water may not pass between the mouth of the pocket and the sides of the flask, the pocket being loose with respect to the body of the holder an open space being formed therebetween, *allowing of sufficient freedom so that the switch may be operated.* * * *" [Italics ours.]

In appellants' brief it is stated that this claim is not met by Rogge and McGiff for the reason that the claim specifies a plurality of disengageable parts having watertight joints. This is appellants' main contention, and we agree with the tribunal below that the mere fact that appellants have made in three parts what others have made in one or two parts does not amount to invention.

As to claims 8, 9, and 10, the board agreed that the examiner's rejection on the James et al. patent was proper, pointing out that the patent discloses a waterproof casing having a plurality of parts and means on the flashlight for pressing the ends of the parts together. The board stated that the language is so broad that it is not believed the claims are patentable over the screw-threaded connection in the patent. Merely making the covering of the James et al. patent more flexible than disclosed would not, in the opinion of the board, amount to a patentable act. We think the board reached the right conclusion with respect to these claims.

■■ At this point, it may be recalled that the examiner also rejected claims 8 and 10 on the Joers patent No. 2,001,363. Since this ground of rejection was not reversed by the board, its decision is in legal effect an affirmance of the examiner on both grounds of rejection. In re Widmer, 102 F.2d 409, 26 C.C.P.A.(Patents) 963, and cases there cited. Appellants have assigned no reason of appeal alleging error in the rejection of claims 8 and 10 on the Joers patent. For that reason, it follows that the decision of the board as to claims 8 and 10 would have to be affirmed even if appellants were right in their contention that the rejection on James et al. was erroneous, since they have not here challenged the rejection on Joers. In re Ball, 81 F.2d 242, 23 C.C.P.A.(Patents) 830; and In re Jeffery, 112 F.2d 827, 27 C.C.P.A.(Patents) 1311.

As to claims 11 and 12, which the examiner rejected on the patents to Rogge, James et al., and Joers, the board concluded that providing an increased number of sections in the cover and connecting

them together by overlapping, as in the Joers patent No. 2,001,363, would not amount to invention, and we agree with this holding.

■ Appellants may have produced a better flashlight covering than the prior art discloses. The sole question, however, is whether or not, in view of the suggestions of the prior art, appellants have exercised the inventive faculty in making their combination of elements. We think they have not.

For the foregoing reasons, the appeal as to claim 15 is dismissed, and the decision of the board as to the other appealed claims is affirmed.

Affirmed.

LENROOT, Associate Judge, did not participate in the decision of this case.