31 C.C.P.A.(Patents)

## In re FITZPATRICK BROS., Inc.

### Patent Appeal No. 4812.

Court of Customs and Patent Appeals.

Dec. 7, 1943.

J. H. Jochum, Jr., of Chicago, Ill., for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Commissioner of Patents (speaking through an assistant commissioner), affirming the decision of the Examiner of Trade-Marks denying appellant's application for the registration of the word "Antiseption" as a trade-mark for "soaps, soap flakes, soap compositions in crystalline or powdered form, and cleansing and scouring preparation in finely divided form, for household use."

It was the view of the respective tribunals of the Patent Office that the word "Antiseption" is merely descriptive of the character or quality of the goods with which it is associated. The Examiner of Trade-Marks in his statement following the appeal to the commissioner said, inter alia:

"The word 'Antiseption' is defined in Webster's New International Dictionary, Second Edition, as a noun, medical meaning 'Antisepsis', which in turn is described as—

"'The process of inhibiting the growth and multiplication of microorganisms; the prevention of sepsis by antiseptic means.'

"The 'prevention of sepsis by antiseptic means' is a common practice in the fabrication of soaps for domestic use. It would seem to require no argument to prove that the mark is descriptive of the goods."

In the course of his decision, the commissioner said: "Certainly antiseptic soaps are included within the definition of the goods to which the application states the mark is applied and it would seem that at least doctors and others familiar with medical terms would be likely to consider the word 'antiseption' to mean 'antisepsis', as stated in the dictionary, and thus, when applied to soap, to mean that the soap was capable of preventing sepsis by antiseptic means. Such meaning of the word 'antiseption' when applied to soap would be merely descriptive of that character and quality of the soap. It is sufficient if the word is likely to be so understood by members of the medical profession. In re Richfield Oil Company, 88 F.2d 499, 24 C.C.P.A. [Patents] 996, 483 O.G. 465. Since an antiseption property might also be considered desirable in cleansing and scouring preparations for household use I consider the mark merely descriptive of these preparations also."

The issue seems to us to be a simple one concerning which no extensive discussion is necessary.

The brief on behalf of appellant cites a number of decisions which have been carefully examined with the result that we find nothing in any one of them which seems applicable here.

In summarizing its contentions in the concluding portion of the brief, it is said:

"The applicant's trade-mark is 'Antiseption,' and it is thought the Patent Office tribunals are unwarranted in changing the

mark so as to make it appear that it is the word 'Antisepsis.' In other words, such tribunals seem to maintain that the two words are synonymous, and that when one is used, the other is meant, in instances where it seems to be most fitting.

"While the applicant's mark may be capable of being held to be suggestive, this, according to the weight of authorities, is not objectionable. Furthermore, the product, in itself, is not responsible for any particular feature characterized by the term 'Antiseption,' or even 'Antisepsis,' as suggested by the Commissioner of Patents."

We are not impressed by the arguments so summarized.

The only question presented is whether the word "Antiseption" is merely descriptive of the character or quality of the goods to which appellant applies it. In our opinion, the word is more than suggestive. We think it is descriptive.

The decision of the commissioner is affirmed.

Affirmed.