31 C.C.P.A.(Patents)

## PARKE, DAVIS & CO. v. G. F. HARVEY CO.

### Patent Appeal No. 4817.

Court of Customs and Patent Appeals.

Feb. 7, 1944.

Whittemore, Hulbert & Belknap, of Washington, D. C., and William H. Gross, of Detroit, Mich., for appellant.

Joseph J. Juhass, of New York City, for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

The appellee-applicant applied to the United States Patent Office for the registration of its trade-mark "Digiseals" for use upon a digitalis preparation, and such proposed registration was opposed by the appellant, hereinafter referred to as opposer, upon the basis of its prior use of its trade-mark for a similar digitalis preparation, "Kapseals Digifortis," which is a combination of its two registered marks "Kapseals" and "Digifortis." Opposer's "Digifortis" mark was registered in 1925 and "Kapseals" in 1932, and opposer proved use of the compound mark "Kapseals Digifortis" on its present product since September 1931. Applicant's first use of its mark "Digiseals" was in 1940.

The Examiner of Interferences held that the issue between the parties involved the confusing similarity between opposer's said mark "Kapseals Digifortis" and applicant's mark "Digiseals." He held that there was a likelihood of confusion arising from the use of the marks on identical goods, sustained the opposition, and adjudged that applicant was not entitled to the registration of its mark.

The Commissioner of Patents, speaking through the First Assistant Commissioner, reversed the decision of the Examiner of Interferences on the question of applicant's right to register its mark and held that the only issue was the confusing similarity between the compound mark "Kapseals Digifortis" and the mark "Digiseals." He concluded that there was no likelihood of confusion resulting to the purchasing public from the concurrent use of the said marks on the respective goods and emphasized the fact that the goods of both parties are of the character requiring the exercise of extreme care in their purchase, citing Ciba Pharmaceutical Products, Inc., v. Abbott Laboratories, 121 F.2d 551, 28 C.C.P.A., Patents, 1315. From the decision of the commissioner, opposer has here appealed.

The applicant took testimony in an effort to show that there was no likelihood of confusion. Various witnesses stated that they were familiar with the merchandise. Some of them handled the merchandise of both parties and testified that there was no confusion and that they knew of no confusion ever resulting from the simultaneous use of the respective marks of the parties and the display and sale of the respective goods over the same counter.

Opposer complains here that the applicant, in taking said testimony, was guilty of bad faith in so far as the exhibit used in interrogating the witnesses on the subject of confusion consisted of a flat, oblong, cardboard box or receptacle in which the capsules containing the digitalis product were packaged in cellophane sheets, which exhibit was compared with opposer's glass bottle of capsules enclosed in a carton. In emphasizing this argument, it is pointed out by opposer that applicant, in the manufacture of its product, has used the same green color which simulates the green color employed by opposer for many years prior to applicant's entering the field.

Applicant, agreeable to the holding of the commissioner, urges that we may not

consider the similarity of opposer's two separate marks to the mark "Digiseals" since the testimony discloses no use by opposer except in the combined form of its two registered marks. Opposer, on the other hand, urges that its registrations imply ownership and use and that since it pleaded the two registered marks in its notice of opposition, it is entitled to have the two marks separately considered with reference to their confusing similarity to applicant's mark.

In view of our conclusion, we find it unnecessary to pass upon the question last above discussed because it is our view that there is a confusing similarity between the marks "Kapseals Digifortis" and "Digiseals."

Applicant is the newcomer. It took the first syllable of one of opposer's registered marks and the second syllable of the other, which comprise the prefix of the second word and the suffix of the first word of opposer's mark "Kapseals Digifortis." Just why it did so is not explained. Applicant's goods are put up in one-piece, sealed, oval-shaped gelatin capsules, while those of opposer are enclosed in a two-part, elongated capsule, firmly sealed at the point of junction between the two portions of the capsule.

It seems to us that the Examiner of Interferences arrived at the right conclusion in holding that there was a reasonable probability of confusion as to the origin of the goods. There certainly is sufficient doubt on the question to justify resolving the doubt against the newcomer.

Applicant stresses the fact that its goods are sold only upon physicians' prescriptions or to doctors and hospitals, whereas those of opposer may be obtained over the drug counter. (The record shows that opposer's goods are sold over the counter and also upon prescription.) This is not a controlling factor because trade practices may change. William S. Merrell Co. v. Anacin Co., 109 F.2d 339, 27 C.C.P.A.; Patents, 847; Malone v. Horowitz, 41 F.2d 414, 17 C.C.P.A., Patents, 1252.

It seems obvious to us, without some kind of explanation as to why applicant took the first syllable of one of opposer's registered marks and the second syllable of the other when opposer was using both well-known marks combined, that applicant sought to profit by a result-ing confusion. See Marion Lambert, Inc., v. O'Connor, 86 F.2d 980, 24 C.C.P.A., Patents, 781, and cases there cited; Cleo Syrup Corp. v. Coca-Cola Co., 8 Cir., 1943, 139 F.2d 416. The fact that applicant has adopted for its capsules the same color as that employed by opposer is not a matter which can be redressed in this tribunal. If true, a remedy may be found elsewhere. It is, however, a circumstance which lends support to the conclusion that applicant sought to profit from the good will built up by another.

It is worthy of note to point out, in harmony with the above statement with reference to the change of commercial practices, that applicant, in taking its direct testimony, originally produced as a container for its product only a thin, flat, oblong, cardboard box, which contained a cellophane sheet of capsules separated by more than an inch of space in each direction. It developed in cross-examination that applicant also sold its goods (its counsel states, chiefly to hospitals) in small and large-sized colored bottles, which are substantially the same character of bottle as that used by opposer. In testifying concerning the lack of confusing similarity, some of applicant's witnesses used for their comparisons of the goods of the respective parties, the said cardboard box of applicant and the colored bottle of opposer.

Under the circumstances above stated, it seems to us that the Examiner of Interferences was fully justified in concluding that the testimony adduced by applicant was not controlling.

Applicant also stresses the fact that there are many different trade-marks for preparations similar to those at bar in which the terms "Digi" and "Seals" are found. It is too well understood to require extended citation of authorities that one does not profit in seeking registration of his own mark by stressing the fact that many marks similar in character have heretofore been registered in the Patent Office. Pepsodent Co. v. Comfort Mfg. Co., 83 F.2d 906, 23 C.C.P.A., Patents, 1224; Skelly Oil Co. v. Powerine Co., 86 F.2d 752, 24 C.C.P.A., Patents, 790.

It is our view that the commissioner's decision reversing that of the Examiner of Interferences was erroneous. The decision of the commissioner should be, and it is hereby, reversed.

Reversed.