31 C.C.P.A. (Patents)

## WECO PRODUCTS CO. v. MILTON RAY CO.

Patent Appeals No. 4880.

Court of Customs and Patent Appeals.

June 26, 1944.

986

Edward S. Rogers, William T. Woodson, and James H. Rogers, all of Chicago, Ill., and Thomas L. Mead, Jr., of Washington, D. C., for appellant.

A. W. Murray, of Chicago, Ill., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, and JACKSON, Associate Judges.

BLAND, Associate Judge.

Appellant-applicant applied in the United States Patent Office for registration of its trade-mark "VRAY" for dentifrices. Appellee opposed the registration, showing prior use of the term "DR. RAY", written in slanting script across the representation of a black and white target, for goods some of which were identical—dentifrices.

The Examiner of Trade-mark Interferences sustained the opposition and adjudged that the appellant was not entitled to registration of its mark; and upon appeal to the Commissioner of Patents, the examiner's decision was affirmed. 56 USPQ 236. Appellant has here appealed from the decision of the commissioner.

It appears from the record that in 1929 V. Vivaudou, Inc., registered the trademark "VRAI" (French for "true") for goods similar to those involved here, which mark was assigned to appellant on July 11, 1940. In August 1940 appellant began use, in interstate commerce, of its mark "VRAY" upon dentifrices.

With reference to the mark "VRAI" the examiner had the following to say: "It is noted that applicant produced evidence relating to a purpored [sic] assignment of the mark 'Vrai' by V. Vivaudou, Inc. While applicant filed notice under Patent Rule 154(e) that it would rely on the registration of the mark purportedly assigned, a copy of such registration has not been introduced. Further, such assignment was not alleged in the answer and applicant has made no contentions as to prior use on the strength thereof in its brief or argument. Aside from this lack of reliance on these proofs, the testimony indicates that V. Vivaudou, Inc. did not sell or transfer any tangible property, any lists of customers, formulas, or business at the time of the purported assignment. Accordingly, the assignment is considered to constitute an abandonment of the mark, and any use thereof by the V. Vivaudou company is deemed not to inure to applicant's benefit." The Penetrine Corp. v. Plough, Inc., 121 F.2d 539, 28 C.C.P.A., Patents, 1307, 532 O.G. 512.

■ In appellant's reasons of appeal the subject matter of the above-quoted portion of the examiner's decision is not mentioned, and the commissioner gave no consideration to it. Therefore, we shall not consider it.

■ Appellant also here attempts to raise the question of unclean hands on the part of appellee, contending in substance that the term "DR. RAY" is a misrepresentation, since no doctor is connected with appellee's business. This question, according to the record, was not presented to the commissioner and is not referred to in the reasons of appeal in this court. We accordingly give it no consideration.

■ The issues seem to be confined to the questions of similarity of the marks and questions ancillary thereto, and the character of the goods upon which they are used. Some of the goods of the respective parties are identical. While there is a difference in appearance between the mark "VRAY" and the "DR. RAY" mark— the term "Dr. RAY" being superimposed on a target, the word "RAY" in appellee's mark is also found in its entirety in the mark of appellant, although the "r" is not there capitalized. The two marks are

quite similar in sound. It is our view that they are so similar, in a trade-mark sense, as to give rise to a reasonable probability of confusion resulting from the concurrent use of the marks upon the goods of the respective parties.

Appellant has strongly emphasized, in its main contention relating to the similarity of the marks, the well-known rule that marks should be considered in their entireties and not dissected. Appellant points out that the "DR. RAY" mark consists of the term "Dr. Ray" in script superimposed upon a black and white target at an oblique angle, whereas the "VRAY" mark, although mostly in script, is written horizontally, without being accompanied with or superimposed upon any other indicia. From these facts it is argued that there is little similarity in appearance between the marks, which makes the likelihood of confusion improbable. It is sufficient to say, in answer to this contention, that in calling for the articles when purchased, and in advertising the same, the term "Dr. Ray" is the outstanding feature which would indicate the particular goods wanted. When appellant adopts a mark confusingly similar to that feature of appellee's mark which, more than any other feature, is calculated to indicate the origin of the goods upon which it is used, it promotes the probability of confusion to the purchasing public.

While, in determining the similarity or lack of similarity between marks, courts should view the marks as a whole, it is well-settled that this principle of trade-mark law does not bar a separate consideration of the different features of a mark in determining the importance to be attached thereto. See Franco-Italian Packing Corp. v. Van Camp Sea Food Co., Inc., 142 F.2d 274, 31 C.C.P.A., Patents, —, and cases therein cited.

This court and other courts, in cases somewhat similar to the one at bar, in respects with which we are just now concerned, have frequently pointed out that there is no such poverty in the English language or paucity of signs, symbols, numerals, etc., as to justify one who really wishes to distinguish his product from those of all others in entering the twilight zone of a field already appropriated by another. Van Camp Sea Food Co., Inc., v. Alexander B. Stewart Organizations, 50 F.2d 976, 18 C.C.P.A., Patents, 1415; cf.

Steinreich v. Coca Cola Co., 67 F.2d 498, 21 C.C.P.A., Patents, 722; Elgin American Co. v. Elizabeth Arden, Inc., 83 F.2d 681, 23 C.C.P.A., Patents, 1153.

Appellant urges one other point, to the effect that its mark "VRAY" is associated with, and used in connection with, the name "Dr. West's", and that this should have been given consideration in connection with the determination of the likelihood of confusion. It is too obvious to require extended discussion that this argument is without merit. Appellant's practice in this regard would be subject to change. Parke, Davis & Co. v. G. F. Harvey Co., 141 F.2d 132, 31 C.C.P.A., Patents, —; William S. Merrell Co. v. Anacin Co., 109 F.2d 339, 27 C.C.P.A., Patents, 847; Malone v. Horowitz, 41 F.2d 414, 17 C.C.P.A., Patents, 1252.

We conclude that the tribunals below arrived at the right conclusion, and the decision of the commissioner is affirmed.

Affirmed.