In re LAWSON.*
Patent Appeal No. 3417.

Court of Customs and Patent Appeals.
March 4, 1935.

———◆———

Roy F. Lovell, of Pawtucket, R. I., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed an application in the United States Patent Office for a patent on certain alleged improvements in reverse plating mechanism, process, and fabric. Claims 24 to 33, inclusive, were rejected by the Examiner, and, on appeal, by the Board of Appeals. The Examiner rejected the same on the following references: Epps, 1,666,056, April 10, 1928; Gallagher, 1,744,- 219, January 21, 1930; Cartledge, 525,091, August 28, 1894; Hirner, 951,565, March 8, 1910; Lawson, 1,605,895, November 2, 1926; Houseman, 1,745,620, February 4, 1930; Lawson, 1,627,290, May 3, 1927.

Affidavits were filed under rule 75 of the Patent Office, by which the appellant sought to obviate the use of the said Houseman and Gallagher patents as references against his present application. The Examiner held these affidavits to be insufficient, but, on appeal, the Board of Appeals overruled the Examiner in this respect and held the affidavits to be sufficient to overcome said reference patents. Before the Board of Appeals, appellant dismissed his appeal as to claims 27 and 31, and on the hearing in this court the appellant moved to dismiss his claims 24 and 25. There are, accordingly, for consideration here, claims 26, 28, 29, 30, 32, and 33. Of these claims, 30 and 32 are for the process, and the remainder are for the fabric resulting from the use of said process. Illustrative claims are 26, 28, and 32, which are as follows:

"26. A plated fabric knitted with four threads or yarns, each course of the fabric having not more than two knitted threads or yarns at any wale thereof, two of the said threads or yarns being knitted into the fabric in alternate courses and interchangeably appearing on one face of the fabric."

"28. A plated fabric knitted with at least three threads or yarns, not more than two of the said threads or yarns being knitted into the fabric in any course thereof."

"32. A process of knitting consisting in knitting two threads or yarns in alternate courses and two other threads or yarns in intermediate courses, maintaining plating control of all of the threads or yarns and varying the plating relationship of at least the two threads or yarns first mentioned."

The Board of Appeals, in discussing the rejection, justifies the same, principally, on consideration of the reference patent to Epps or the Lawson patent, No. 1,605,- 895. In addition, both tribunals in the Patent Office were of opinion that the said Lawson patent gives sufficient information that a skilled knitter could readily modify the pattern control so as to carry out the process of claims 30 and 32, and produce the fabric called for by the remaining claims. As to this matter, the Board of Appeals suggested that there might be some changes made necessary to produce the exact design desired, "but every one skilled in this art recognizes that different designs of fabric may be obtained by varying the pattern chain. The changes made here are deemed obvious and clearly within the skill

*Rehearing denied April 29, 1935.

of the mechanic if he desires to produce the fabric defined by the claims."

The Board of Appeals thus succinctly describes the claimed invention: "The invention relates to a plated fabric and the process of knitting the same. The machine employed is provided with two feeding stations as shown in Fig. 1. At each station is arranged a yarn feed arm for feeding two yarns. A set of sinkers and cams under separate pattern control is arranged at each station for controlling the feeding arm and the knitting. The cams and sinkers are so constructed and operated that only two of the yarns are knitted into the fabric in alternate courses and in plated relation, the said two yarns interchangeably appearing on one face of the fabric in different wales or courses, the other yarns being knitted into the fabric in intermediate courses."

It appears to the court that a careful reading of the specification of the Epps patent discloses the idea of additional or interchargeable feed arms and feeding stations. It is not contended that reverse plating knitting is new in the art. If it were so claimed, such knitting is disclosed in the Epps patent. While it is true that this patent discloses only one yarn feeding arm for feeding two yarns, the patentee recites in his specification: " * * · * Moreover, if desired, plaiting may be practiced in accordance with my invention in alternation with other forms of knitting by employment of additional interchangeable feeds such as ordinarily associated with a double feed of the type illustrated in standard knitting machines, thereby permitting occasional substitution of other yarns in place of the simultaneously fed yarns Y, Y under governance of the feed control drum 17."

The patent to Lawson, No. 1,605,895, as stated by the Board, discloses the use of several yarn-feeding elements, by which yarns may be introduced into the fabric as required to work out some particular design; six different yarns being specifically mentioned.

If it be true that it is reasonably within the skill of the mechanic trained in the knitting machine art to so modify his pattern chain as to vary his design, then it seems obvious, with the suggestions of the Epps and Lawson patents before him, he may follow the process and produce the product of appellant, without invention. It

is not denied that the skill of the mechanic extends thus far.

The answer of appellant to this suggestion is that in both the Epps and Lawson references, the use of a Banner knitting machine is disclosed, and that in this type of machine the pattern chains are not adapted to be racked oftener than once every four courses. This fact, however, is not a sufficient reason for the overruling of the decision of the Board in that respect. The claims do not include the Banner machine, but are based upon the conception which is therein claimed to be inventive, and which might be applicable to any machine, with any type of pattern control.

A considerable part of the brief of counsel for appellant is taken up with a discussion of the right to copy claims more than two years after they appear in a patent to another. That question is not in this case, and no comment thereon is required.

■ Appellant argues at length that a patent to Houseman, No. 1,805,624, of May 19, 1931, was inadvertently issued, the application for which was copending with appellant's application involved here. Because certain claims were allowed in that patent, which claims are thought to cover the same subject-matter as do appellant's claims, appellant insists he should have these claims allowed, for purposes of interference.

. . This point is not before us. The said Houseman patent was not considered by the Board of Appeals, and the point is not assigned for error in appellant's notice of appeal. In re Smith, 36 F.(2d) 522, 17 C. C. P. A. (Patents) 752; In re Muller, 65 F.(2d) 169, 20 C. C. P. A. (Patents) 1162. Even had the point been assigned for error, the said Houseman patent is not relevant for the purpose of demonstrating that appellant is also entitled to a patent with the same claims. In re Fischer, 47 F.(2d) 794, 18 C. C. P. A. (Patents) 1076; In re Rutledge, 47 F.(2d) 797, 18 C. C. P. A. (Patents) 1081; In re Short, 64 F.(2d) 124, 20 C. C. P. A. (Patents) 939.

The appeal is dismissed as to said claims 24 and 25, and the decision of the Board of Appeals as to said claims 26, 28, 29, 30, 32, and 33 is affirmed.

Affirmed.