23 C.C.P.A. (Patents)

**In re FERENCI.**

Patent Appeal No. 3658.

Court of Customs and Patent Appeals.
June 17, 1936.

See, also (Cust. & Pat. App.) 83 F.(2d) 286.

Sydney I. Prescott, of New York City (George S. Hastings, of Brooklyn, N. Y., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The Primary Examiner of the United States Patent Office required division between three groups of claims in an application entitled "Window Package for Bakery Products." Group I included claims 1 and 2, drawn to a wrapping machine; group II included claims 3 and 4, drawn to a wrapping process; and group III included claims 5 and 6, covering a package. The examiner required division between all three groups of claims on the ground that the claims to the machine were believed to be separate, distinct, and independent from the wrapping process and the package, because he held that the process may be carried out by other machines or performed by hand. He also held that the product, the package, was capable of being formed on other machines, or by hand.

Upon appeal, the Board of Appeals affirmed the examiner in part. It approved the requirement of division between the claims to the wrapping machine and the claims to the package for the reasons given by the examiner. However, it considered that the claims to the process were so related to the claims of the package that they involved merely the obvious and most practical manner of producing the package, and for that reason did not believe that division should be required between these claims.

From the decision of the board holding that claims 1 and 2, to a machine, on the one hand, and claims 3 to 6, inclusive, in part to the process and in part to the product, on the other, should be in separate applications, appellant has appealed to this court.

According to his brief, the sole question which appellant seeks to present here is the correctness of the board's said holding in relation to division. Regarding the requirement of division as a final rejection of the claims, it is well settled that

we may revise the decision of the board, when the requirements of the statute with reference to appeal are complied with. In re Hawkins, 57 F.(2d) 367, 19 C.C.P.A. (Patents) 1104; In re Ferenci, 83 F. (2d) 279, 23 C.C.P.A.(Patents) ——, decided April 6, 1936. See United States ex rel. Steinmetz v. Allen, 192 U.S. 543, 24 S.Ct. 416, 48 L.Ed. 555.

The solicitor for the Patent Office submitted a two-page brief, calling attention to the fact that the case of In re Pedersen, 73 F.(2d) 928, 22 C.C.P.A.(Patents) 788, is directly in point and is controlling of decision here.

Section 4912 of the Revised Statutes (35 U.S.C. § 60 [35 U.S.C.A. § 60]) contains the following provision: "and file in the Patent Office, within such time as the commissioner shall appoint, his reasons of appeal, specifically set forth in writing."

Section 4914 of the Revised Statutes (35 U.S.C. § 62 [35 U.S.C.A. § 62]), with reference to our hearing and determining of appeals, states: "and the revision shall be confined to the points set forth in the reasons of appeal."

Appellant's reasons of appeal in the instant case are as follows:

"You are hereby notified of my appeal to the United States Court of Customs and Patent Appeals from the decision of the Board of Appeals, rendered on or about April 16, 1935, rejecting my above entitled application and refusing me a patent for the invention set forth therein.

"The following are assigned as reasons of appeal:

"The action of both Patent Office tribunals was not accommodated to the character of the invention presented, and was in conflict with the true facts, and with the law, particularly sections 483, 4886, 4893, 4903, 4934, R.S. [amended 35 U.S.C.A. §§ 6, 31, 36, 51, 78], and the law of joinder."

It is our view that appellant's reasons of appeal in the instant case are too general in character to be regarded as a compliance with the terms of the statute, and that, therefore, under the circumstances, we may not pass upon the question which appellant seeks to present, and the appeal is dismissed. See In re Wheeler, 83 F. (2d) 904, 23 C.C.P.A.(Patents) ——.

Dismissed.