32 C.C.P.A.(Patents)

## Application of KOPPLIN.

### Patent Appeal No. 4933.

Court of Customs and Patent Appeals.

Jan. 4, 1945.

See, also, 146 F.2d 1017.

Joseph J. Gravely and Carr & Carr & Gravely, all of St. Louis, Mo., for appellant.

W. W. Cochran, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

Appellant on April 25, 1940, filed his patent application, serial No. 331,515, for smooth surface fibrous article. All of the claims, 3 to 6, inclusive, 9 to 11, inclusive, and 13 to 16, inclusive, were rejected by the Primary Examiner as unpatentable over the prior art.

The references relied upon are: Novotny, 1,398,143, November 22, 1921; Fowler 2,080,886, May 18, 1937; Dodge, 2,249,888, July 22, 1941; Thompson et al., 2,267,316, December 23, 1941.

The Primary Examiner rejected claims 3 to 6, inclusive, as not being patentable over the Dodge reference in view of the Novotny patent, and also for the reason that the claims recite nothing patentable over the patent to Thompson et al. The balance of the claims he held unpatentable in view of those same references when considered with the Fowler patent.

The Board in its general affirmance discussed only the Thompson et al. patent, which was stated to be considered the most pertinent. Appellant appeals here from the decision of the Board.

The Solicitor stated but did not argue in his brief that appellant's reasons of appeal do not specifically allege any error in the holding that the claims are unpatentable in view of the Dodge, Fowler and Novotny patents, and for that reason the decision of the board should be affirmed.

While it is quite true that there is no specific mention of the Dodge, Fowler and Novotny patents in the reasons of appeal, appellant assigned as his first reason of appeal that "The Board of Appeals erred

in rejecting said claims and each of them for the reasons and *on the references cited against them, respectivly."* (Italics ours.) That reason is the equivalent of setting out in separate reasons of appeal the Dodge, Fowler and Novotny patents. The only reason for rejecting the claims was that they were unpatentable over the prior art. Therefore we are of opinion that that reason of appeal is sufficient.

Appellant has clearly advised us and the Patent Office of the issue, and it is not necessary for us to search the record in order to discover the basis of the appeal. The Solicitor in his brief discussed and applied all of the references. Therefore we will consider all of them.

The application relates to a one-ply or laminated sheet or other article composed of fibers, preferably raw sisal, which may be laid in layers at right angles to each other and barb needled so as to draw certain of the fibers into loops or bights extending through and beyond the body of the mat, thereby reducing its thickness. Then a plastic resinous material is applied to the surface of the mat, as by spraying or with a liquid resin glue spreader. The mass is then cut or shaped into desired size and placed under pressure by which the density of the article and its surface finish may be controlled. It is then dried. The resinous material obviously must penetrate some of the mat surface and will also follow the voids left by the needles, but will for the most part remain at or near the surface of the article. When finished, the article possesses a smooth continuous surface. It is said that the finished article is somewhat resilient but of considerable stiffness and of great strength.

Claims 3, 5 and 16 are illustrative of the subject matter and read as follows:

"3. A compressed article of manufacture having a major portion that consists of an unwoven mat of fiber of a length of the order of raw commercial sisal and a minor portion that consists of resinous bonding material that is mainly concentrated at and near the surface of the mat in a thin continuous smooth sheet and decreases in amount toward the middle of the article."

"5. A stiff compressed article of manufacture whose body portion comprises a mat of unwoven fibers some of which have loops extending through the mat, the surface portion of the mat being bonded by resinous bonding material which constitutes a minor quantity of the entire article, a fractional portion of said material penetrating inwardly beyond said surface portion."

"16. A laminated and compressed article of manufacture each of whose laminations has a major portion that consists of an unwoven mat of raw sisal and a minor portion that consist of resinous bonding material that is mainly concentrated at and near the surface of the mat and decreases in amount towards the middle of the article, each lamination having a multiplicity of fibers with resin-stiffened portions that project into the body of the next adjacent lamination."

The Novotny patent relates to moldable compositions and discloses fibrous material in sheet or ply form which may be impregnated with a binder, preferably of synthetic resin. After impregnation the material is subjected to pressure to force the excess liquid from the pores, and is then heated. It is stated that a minimum amount of the binder is left in the article when its solvents have been evaporated by the heat, and that such amount is sufficient to sustain the fiber body under molding conditions. The patentee claims that his article contains only a small amount of the expensive ingredient of the binder, thus greatly reducing the cost of the material. The article of the patent, in either its single or ply form, appears to consist of several layers, the impregnated fiber being the middle layer which has been dried before it is coated with a liquid containing filler of lampblack, thus making layers on the top and bottom of the fiber layer. The article is then heated again to harden that coating. Upon removal from the oven an outer top and bottom layer of resinous material is applied, which cannot permeate through the adjoining layers which act as a barrier to the penetration by the final coatings.

The Fowler patent relates to the construction of upholstery padding and discloses layers of sisal fiber laid at right angles to each other and held together by lengths of fiber carried through the mass by barb needling.

The Dodge patent relates to moldable plastic bodies, and discloses a mass of vegetable fibers in weblike form subjected to barb needling which, as in appellant's article, pulls small groups or tufts of fiber through the web, which is then impregnated with a resin binder. It also discloses

1016

that the fibers are preferably somewhat longer than the thickness of the web in order to strengthen the molded article. The article of the patentee appears to be uniform in its texture and has no smooth plastic coating.

The Thompson et al. patent is for a pressed fibrous product and process and relates to resin-treated fibrous bodies of matted vegetable fibers, such as sisal strands, surface coated, resulting only in slight penetration, or impregnated with a resin which may be hardened quickly at high temperatures. The finished surface coated article does not lose its naturally porous, flexible and compressible qualities, but a rigid article is made by impregnating the entire mass of fibers with resin, and subjecting it to heat and pressure sufficient to harden the resin and reduce the mass to the desired thickness and contour.

Claim 11 defines an article "consisting of layers of raw sisal and material for bonding same densely compressed together, the fibers of each layer extending in the same general direction and crosswise of the fibers of other layers and some fibers having loops extending through other layers than their own." We are of opinion that that claim was properly rejected for the reason that the Dodge patent discloses fibers and bonding material densely compressed together (impregnated), and the Fowler patent discloses the crosswise position of the fibers. The loops extending through said layers of cross fibers are old, as disclosed by Dodge. Appellant has merely taken limitations disclosed by those patents and produced the article defined in that claim as could anyone skilled in the art.

As to the other claims, the articles defined therein are entirely different from the articles shown in the references. None of the references describes an article which has a resin bonding material in a thin continuous smooth sheet concentrated at or near the surface of the mat and decreasing in amount toward the middle of the article. This constitutes the essence of appellant's invention. Certainly the patent to Novotny does not define such an article. While the Novotny product seemingly may have less of binder material combined with the fibers, nevertheless the fibers are impregnated. The mere statement that the excess of the binder is squeezed out does not render the mass any

the less impregnated. Novotny's article is then heated and afterward has a coating, distinct and separate from the binder, applied to its surface and subsequently a third coating of plastic is applied to give it a smooth surface. The impregnated binder is entirely insulated from the outer coating. We find nothing in the Novotny patent from which one skilled in the art would arrive at the article of appellant.

The Dodge patent, of course, has no coating of any kind and is merely a mixture of fibers with resin. This patent certainly can teach nothing of the article produced by appellant.

While the Fowler patent discloses layers of fibers at right angles, the whole mass being held together by barb needling, and therefore shows those particular limitations in appellant's claims to be old, the claims now being considered define what we have stated to be the essence of appellant's invention.

The Thompson et al. patent, chiefly relied upon in the decision of the Board, discloses an article that is rigid because of the impregnation of the fibers by the plastic or is surface coated and retains its flexibility, porosity and compressibility. The binding material in the latter penetrates the fibrous mass to a very slight degree. Neither is appellant's article rigid, although being stiff, shatterproof and adapted for nailing it might be considered as more comparable to Thompson et al.'s rigid product. We do not agree with the Board that the article of appellant can be characterized as being midway between the two articles of the Thompson et al. patent for the reasons just stated. Furthermore, in appellant's article the bonding element penetrates through the voids left by the needling in small but sufficient quantities to effectively bind the entire mass, but leaves the coating comprising the major part of the binder. We do not think that patent would suggest appellant's article to one skilled in the art.

Neither the Thompson et al. patent nor any of the other cited references taken by themselves or in view of any or all of the others would be sufficient to apprise one skilled in the art of the structure of appellant's product.

The decision of the Board is affirmed as to claim 11 and reversed as to claims 3 to 6, inclusive, 9, 10, and 13 to 16, inclusive.