### Application of CLARK.

Patent Appeal No. 6012.

United States Court of Customs and Patent Appeals.
June 24, 1954.

William B. Jaspert, Pittsburgh, Pa. (Almon S. Nelson, Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (J. Schimmel, Washington, D. C., of counsel), for Commissioner of Patents.

Before O'CONNELL, JOHNSON, WORLEY, COLE, and JACKSON (retired), Judges.

WORLEY, Judge.

This appeal is from a decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner in finally rejecting, as unpatentable over the prior art, claims 8 to 11, inclusive, in an application for a patent, Serial No. 604,660, for "Goggle Valves." No claims were allowed.

Here appellant's motion to dismiss as to claim 9 is granted.

Claims 8 and 11, representative of the appealed claims are as follows:

"8. A goggle valve comprising a valve housing having an annular valve seat, a goggle valve disposed in said housing for movement to open and closed position having seating faces on opposite sides, one of which engages the valve seat of the housing, said valve housing having an integral expansible wall constituting an annular valve seat for engaging the other of the goggle valve seating faces, and means for applying pressure on one side of the wall to effect sealing engagement of said wall with the goggle valve."

"11. A goggle valve comprising a housing having annular seating faces constituted by a pair of annular sheet metal diaphragms each having a pressure fluid chamber on one side thereof, a goggle valve having valve seats on opposite sides movable between said diaphragms, the spacing between said diaphragms being of substantially the thickness of the goggle valve seats, fluid pressure means communicating with said fluid chambers for effecting sealing engagement of the diaphragms with the seating faces of the valve, and means for applying

and releasing the pressure on said diaphragms."

The references relied on are: Hirt, 703,583, July 1, 1902; Kruse, 1,868,147, July 19, 1932; Brassert (French), 868,-864, Oct. 20, 1941.

The subject matter of the involved claims is described by the board as follows:

"The appealed claims relate to a sliding gate valve of relatively large size in which it is necessary to provide a good seal when the valve is closed. Appellant refers to the valve in his specification and claims as a "goggle valve." Valves of this type find one field of use in controlling the flow of blast furnace gas which is at high temperature. The large size of the valve presents the problem of excessive friction if an accurate sliding fit between the valve disk and valve seat is provided throughout the extent of its movement. Appellant provides a solution for the problem by the structure shown in Fig. 1 wherein there is only light contact between the valve disk and seat during movement of the valve, but when the valve is in closed position a tight seal is provided by applying pressure to the opposite side of the valve disk by means of an annular flexible sheet metal diaphragm which is forced against the valve disk by the application of fluid pressure to the diaphragm. The valve disk is thus forced tightly against its seat. The annular sheet metal diaphragm is welded at its inner and outer peripheral edges to the valve housing in bridging relation to an annular depression behind the diaphragm to which the pressure fluid is supplied. The flexible diaphragm is thus a permanent part of the valve housing. Fig. 2 of the drawing shows an arrangement wherein flexible diaphragms like the one shown in Fig. 1 are positioned at opposite sides of the valve disk which is

clamped between them when pressure is applied."

The patent to Hirt relates to a device for packing sliding gate-valves. It discloses a sliding gate-valve for closing the discharge-openings of vessels such as diffusion vessels where it is necessary that they be closed very securely and still be capable of being opened easily. The device shown comprises a valve casing including a slide having an opening and a closed portion, either of which may be made to register with the opening through the valve casing by movement of the slide. In order to effect a tight seal between the casing and the slide there is provided between the two an annular member surrounding the casing opening and having upper and lower diaphragms spaced by a chamber adapted to receive a pressure medium which forces the diaphragms into tight engagement with the casing and slide respectively.

The patent to Kruse relates to a gate-valve and suitable means for sealing the movable valve member and casing, said sealing means being adapted to have not only a relatively large sealing area but able to readily conform to surface irregularities of the movable valve member or casing. In several embodiments of Kruse, the movable valve member is provided with sealing means in the form of an expansible tube member through which the fluid pressure is supplied to seal the space between the valve and valve casing.

The patent to Brassert discloses annular resilient diaphragms located on opposite sides of a valve disk, the diaphragms being integrally formed with the valve housing and being distended into sealing contact with the valve disk by means of fluid pressure.

All the claims were rejected by the examiner on the Hirt patent as the full equivalent with reference to the Kruse patent showing a pair of diaphragms. He stated that the Hirt annular diaphragms are readable as the equivalent of the diaphragms of appellant's struc-

ture so far as they effect the sealing engagement with the housing and the gate-valve.

In answer to appellant's argument that the Hirt structure does not disclose "an integral expansible wall constituting an annular valve seat for engaging the seating face" of the valve, the examiner was of the opinion that the word integral is not construed to mean permanently secured directly to the housing, but that if such construction is applied, it would not amount to invention to permanently secure the Hirt diaphragm directly to the valve housing, such step being performed merely by eliminating the removability feature of the Hirt insertion piece by making it a permanent part of the housing; and that "Such practice constitutes nothing more than the exercise of every day engineering skill in the art and is lacking in invention." The rejection by the examiner was extended to cover the patent to Brassert as showing annular resilient diaphragms on opposite sides of a valve disk, formed integrally with the valve housing and distended into sealing contact with the valve disk by fluid pressure, as recited in claim 11.

The board sustained the rejection of the claims by the examiner in every respect and held further that claims 10 and 11 are fully met by the Brassert patent alone in reciting the valve housing, dual sealing means, and finally, the metal construction of expansible walls.

The reasons of appeal set forth in the record fail to refer to any of the particular references cited against the claims but refer only to the holdings of the tribunals below in regard to certain terms used in those rejections. However, here in the brief of appellant, the errors relied upon make reference to the three prior art patents upon which the claims were rejected. We have consistently held that original reasons of appeal cannot be amended in this fashion. With respect to claim 8, which involves

the significance to be given the term "integral" in connection with the disclosure of the patent to Hirt, the reasons of appeal may be sufficient to meet the requirements for specificity. But appellant's failure to challenge the holding by the board that claims 10 and 11 are fully met by the patent to Brassert precludes consideration by this court on the merits of the claims. An affirmance of the board's holding as to those claims must be made. In re Boyce, 144 F.2d 896, 32 C.C.P.A., Patents, 718.

For the reasons hereinbefore stated, we direct our consideration solely to claim 8 which the board held was readable on the Hirt disclosure with the exception of the limitation of "said valve housing having an integral expansible wall constituting an annular valve seat for engaging the other of the goggle valve seating faces, and means for applying pressure on one side of the wall to effect sealing engagement of said wall with the goggle valve." In the brief of the Solicitor for the Patent Office, that express limitation is read directly on the drawings of the Hirt patent with the exception that the valve housing of that patent does not have "an integral expansible wall." The board was of the opinion that although the flexible wall of Hirt is not structurally integral with the valve housing, it is so in a functional sense, since it is rigidly secured to the housing, and further, an expansible wall is disclosed in the patent to Brassert. The board accordingly, and we think correctly, concluded that claim 8 does not define a patentable invention.

We find no error in the decision of the Board of Appeals and it is hereby affirmed.

Affirmed.

JACKSON, Judge, retired, recalled to participate herein in place of GARRETT, Chief Judge.