Rich, Judge,
dissenting.
About a year and a half ago this court unanimously found two very .•general reasons of appeal sufficient to comply with 35 U.S.O. 142, over Patent Office protest.[5] Three claims were under rejection as unpat-entable over four references. We said:
The “Reasons of Appeal” in appellant’s notice of appeal to this court are that the Board of Appeals erred (1) in rejecting claims 22, 23 and 24 on the Sollmann, Benzel, Cowen and Connell patents and (2) in not allowing claims 22, 23 and 24.
The bar was advised of the procedural “law” represented by this decision in an accurate headnote reading, “Notice of appeal to court is sufficient where it states that Board erred (1) in rejecting specific •claims on enumerated patents and (2) in not allowing specific claims.” •Citing prior authority for our unanimous position we quoted, as expressing our views, from another unanimous decision of eighteen years ago,[6] in which the court said,
Appellant has clearly advised us and the Patent Office of the issue, and it is not necessary for us to search the record in order to discover the basis of the appeal.' The' Solicitor in his brief discussed and applied all of the references. Therefore we will consider all of them.
The reason of appeal in the quoted case said, “The Board of Appeals erred in rejecting said claims and each of them for the reasons and on the references cited against them, respectively.” In the cited case the court also pointed out that although the references were not specifically mentioned in the reasons of appeal, “That reason is the equivalent of setting out in separate reasons of appeal the Dodge, Fowler and Novotny patents.”
Only a few weeks ago we handed down another decision (three to two) [7] in which we held, in a case involving ten claims, rejected on one reference, that the following reasons of appeal were sufficient in law:
1. It was error to affirm the decision of the examiner in his rejection of •claims 18 to 28.
2. It was error to refuse to allow the rejected claims.
We noted at that time an apparent inconsistency between In re Kopplin, note 6, supra, and the early case of In re Dichter, 27 CCPA 1060, 110 F. 2d 664, 45 USPQ 91. We said we could see “no significant difference in the language of the reasons of appeal in the Kopplin case and the language used in the case before us.” We followed Kopplm. We also said, “There really is no hard and fast rule upon which we can rely.” But now we seem to have at least a hard rule. For what reason?
*1504 At least some of us felt that in making these decisions we were in accord with the spirit of the times and on the path of policy developments of the past quarter century to subordinate unnecessary and useless procedural technicalities wherever possible, get away from the sporting theory of justice, and get on with the business of deciding-cases on their merits when there was no real obstacle to our doing so.
Now a new technical “majority” (again three to two but agreeing only on result) is making an about-face for the court and retreating into the barren world of useless legal technicalities from which we were so hopefully emerging. There is no compelling reason for such a retreat, as I shall presently demonstrate, and the majority does not make even a gesture toward suggesting there is one. It merely alines itself with selected old cases which put a narrow construction on the' statute, ignoring the entirely inconsistent line of old and, especially,, recent cases which give it a broader construction more in keeping with: the realities of present procedure, which I explained in the LePage case.
What I say here has equal applicability to the case of In re Timmerbeil et al. 50 CCPA 1514, 320 F. 2d 413, 138 USPQ 461, decided concurrently herewith, so some of my remarks may be directed to statements made in the majority or other opinions in that case. My general views on the subject of reasons of appeal and the historical-background of the subject will be found in my concurring opinion in In re LePage's Incorporated, 50 CCPA 852, 312 F. 2d 455, 136 USPQ 170. I will try not to repeat myself.
Congress writes the statutes. The courts have to construe and apply them. In 1839 the Congress, under conditions somewhat different-from those now prevailing in our courts, wrote into the statutes the expression “reasons of appeal specifically set forth in writing.” It was 90 years before a Court of Customs and Patent Appeals came into existence in 1929 to construe those words as they then applied to it and to its practice. During the next 34 years it gave to them a bewildering inconsistent construction, sometimes fiercely literal and restrictive, sometimes inexplicably liberal, most of the time accepting the reasons presented to it without comment because their sufficiency was not challenged, so that the opinions in most decided cases do not reflect the nature of the reasons filed, which were diverse, or the time wasted in writing and reading them — or saved by not reading them. The “handful” of cases in which the inadequacy of reasons of appeal has been questioned to a sufficient extent to merit discussion in an opinion is very close to a hundred, since the creation of this court in 1929, and the cases in which they have been discussed-show that either a reason was found bad or the lack of a reason was found to bar consideration of a point on the merits in a majority of that *1505 "“handful” of cases.[3] That is a substantial amount of difficulty for the bar and especially for the litigants, based on a procedural •technicality.
I do not wish to obscure the fact that most of the time this court Ras taken a technical and rigid view of reasons of appeal. Eather, I emphasize the fact because many a litigant has been the loser for failure to file a proper reason. Except for the LePagés case, I have found no reported case where there was a total absence of reasons. In fact, most of the trouble seems to have arisen in cases where many reasons were filed but some specific point was overlooking in drafting them. Another interesting fact which appears in reading the cases is that under a compulsion to cover every point that might be argued, many reasons have been filed which are never argued in briefs and often the court, after reading the reasons, reading the briefs, and comparing the two, has performed the useless ritual of pointing out allegations of error which have thus been abandoned, giving them official burial. A point not argued is abandoned, whether or not backed up by, or based on, a reason of appeal. But why compel the filing of useless reasons ?
Many laws, especially those dealing with procedure, become obsolete with the passage of time and changing conditions. When they do, they must be changed; and in our ever-lagging legal system there are two ways to do it. This court, which is intimately familiar with its own procedure, can, and in recent years has, by permissible construction of broad statutory language, tried to adapt the law to change and thus keep up with the times. This is sometimes called “liberal construction.” The alternative is to resist all adaptation and insist on what, in an earlier day, has been decided to be the letter of the law until procedure gets so far behind the facts of the world in which it operates that a disgusted public demands a change through the legislature, to the detriment of the reputation of the law and lawyers. The flame could have been tempered to the condition of the stew but the pot has been left to boil over.
The decision the majority has made here is a most significant turning point, clearly calling for corrective legislation which is long past due.
I am as aware, at least, as is the majority that the construction it is putting on the reasons of appeal provisions in 35 U.S.C. 142,143 and 144 has been put on the predecessors of those sections many dozens of times. But it is not a necessary construction. What the words “reasons of appeal, specifically set forth in writing,” “points involved by the reasons of appeal,” and “points set forth in the reasons of ap *1506 peal” — century-old language — actually mean cannot be determined merely by reading them. TKey are vague terms. Wbat is a “reason of appeal”? How specific is “specifically set forth”? What is a, “point involved by” a reason of appeal? What “points” are “in-vloved” by the reasons filed in this case? It seems transparently obvious to me that the terms mean what this court says they mean. As-the judiciary, it is our proper function to determine the meaning of’ such unclear and unspecific teirns in the statutes given into our charge-to construe and to work under. We should determine their meaning-so as to simplify practice and procedure, speed up our work, and hold down cost. This is not being done in this case, or in appeal No. 6898.
Historically this court has given those statutory phrases a variety of meanings and cases can be selected to support any a priori decision as to what they mean that a majority cares to make. Having reached a decision here, the majority cites certain cases in support of it. For each there is a mate, going the other way, which cowld have been cited to support a decision that we can reach the merits of the case. The-rn ajord^ does not even mention some of these cases.
The first case relied on by the majority is In re Wesselman. Against, that I would In re Wagenhorst,, 20 CCPA 991, 64 F. 2d 780, 17 USPQ 330. In Lepage’s I discussed their inconsistency in reaching opposite-results on substantially identical reasons of appeal, which, incidentally, were practically identical in form with the reasons filed in this; case. I leave the details to my LePage’s opinion but do repeat the cogent observation of Presiding Judge Graham that
There seems to be no real necessity, in order to raise the question here, that each ground of refusal given by the examiner and affirmed by the board, should' he set out, seriatim.
There is still no necessity, and the majority opinion does not point one-out, so far as I can discover.
In Wagenhorst, to put the real import of that decision beyond question, the court, in a case appealing six claims rejected on ten references, held a reason of appeal substantially like that before us to be-a sufficient reason of appeal to comply with P.S. 4912 requiring “reasons of appeal, specifically set forth in writing.” (My emphasis.) And the court added what I think is better reasoning than the cases quoted by the majority (which do not give reasons but mere conclusions),, as follows:
This court is not disposed to apply, in these cases, the rigid and inflexible rules-as to assignments of error sometimes applied by the courts in other proceedings. The statute should be liberally and reasonably construed and its purpose to give-to parties appealing to this court from Patent Office decisions a speedy and effective revision thereof, should not be defeated by a highly technical construction of the written “reasons of appeal.” If the court and the Patent Office- *1507 are advised, by these written reasons, of the questions at issue, that is sufficient to enable the court to “revise the decision appealed from in a summary way.” Section 4914 B.S. [Now 35 U.S.C. 144.]
The next case relied on by the majority is In re Dichter, the opinion in which was written by Judge Jackson in 1940. Against this case I match the case of In re Kopplin, cited but not discussed by the majority except to say that it was presumably “decided on its own facts,” no attempt being made to reconcile it. That case was decided in 1945 and the opinion was also written by Judge Jackson. Both decisions were unanimous. The Kopplin case involved eleven claims rejected on four references. I have quoted the reason of appeal at the beginning of this opinion. It did not even state the numbers of the appealed claims. Though more vague than the reasons before us here, it was held to be in compliance with the statutes. Assuming the case was decided on its own facts — 'and what case is not — they show that a reason even less specific than the three reasons in the earlier Dichter case and the two reasons here could, in the unanimous opinion of this court, comply with the specificity which' Congress is supposed to have required in reasons of appeal.
Finally, the majority quotes from In re Rosenblatt, which quotes in turn from In re Schneider, a case decided in the first year of this court’s jurisdiction over patent appeals. The two quotations express the sentiment of the court in those far off days that it was entitled to specific assignments of error, set forth with particularity, “even aside from the statutory provisions.” But here the majority purports to be resting its construction not on its views as to the specifications of error to which it feels it is entitled but on the presumed mandate of the legislature. I respectfully submit that this “mandate” is purely imaginary and entirely self-inflicted.
The majority opinion here is not consistent with others in which the said mandate, if it is what it is said to be, was not so rigidly adhered to. As an offset to the Rosenblatt case I suggest Bluestone v. Schmerling, 46 CCPA 842, 265 F. 2d 948, 121 USPQ 417. There, in 1959, a unanimous court said:
It is questionable whether the issue of res judicata is properly before this court since it was not specifically raised by any reason of appeal. [Emphasis mine.]
In the succeeding two paragraphs we went right ahead and decided the res judicata issue on the merits. Thus we considered and decided an issue raised by the appellant which' was admittedly not raised by any reason of appeal. Yet, according to the portion of the Dichter case quoted in the majority opinion, we are “without authority to revise the decision of the board” with respect to issues not raised by the reasons of appeal.
*1508 The next case I might mention from the same volume is In re O'Brien, 46 CCPA 851, 265 F. 2d 940, 121 USPQ 461, another unanimous decision, insofar as the issue relating to reasons of appeal was concerned. In that case there was a very unusual notice of appeal containing one reason of appeal and four alleged “errors,” which, as stated in the opinion, failed to mention two of the references relied on and which did not specifically mention any claims. The Patent Office challenged their sufficiency and relied on the Wesselman case along with In re Boyce, 32 CCPA 718, 144 F. 2d 896, 63 USPQ 80, and In re Glocker, 33 CCPA 789, 153 F. 2d 119, 68 USPQ 194. The opinion went- to some pains to distinguish all three of these cases (unlike the opinions in the instant cases) in order to reach a decision on the merits of the rejection of the unspecified claims on the unmentioned references. What of the “specificity” supposedly required by statute ?
If the last two recent cases are good law, it seems to me that the bar may have some difficulty in deciding just what a majority of this court thinks is necessary — as a matter of “law” — to include in reasons of appeal to get a decision on the merits.
The really significant intendment of the statute is that we are a court of remeto and are not to act in any case on new grounds which we originate but are to restrict ourselves (and the statutes so restrict us) to passing on the legality of what has been decided below. We are “confined,” and so we must confine ourselves, to “the points set forth in the reasons of appeal,” 35 U.S.C. 144. In re Tucker et al., 18 CCPA 875, 46 F. 2d 214, 8 USPQ 50. But as for deciding what “points” are raised by any given reason of appeal, among those decided below, this court has now, and always has had and exercised, complete freedom, never curbed by any higher authority. It is we who determine what are “the points involved by the reasons of appeal” and what is meant by the phrase “specifically set forth in writing.” In changing the construction the court has put on these words for the past decade, one would justifiably expect the majority to state a reason for doing so. But since there is none, its absence is not surprising.
Two additional cases which I might mention as denying the existence of any straightjacket placed on this court by the statutes are In re Woodling, 41 CCPA 809, 210 F. 2d 955, 101 USPQ 108, and In re LeBaron, 42 CCPA 956, 223 F. 2d 471, 106 USPQ 176. In the Woodling case, the Patent Office Solicitor called attention to the fact that there were two grounds of rejection untouched, either expressly or by implication, by the reasons of appeal so that the appeal could (and should, it was urged) have been dismissed under the rule of In *1509 re Boyce, 32 CCPA 718, 144 F. 2d 896, 63 USPQ 80. The court, however, after pointing to the existence of this state of facts, proceeded to the consideration of a third ground of rejection on the merits, sustaining that rejection. The In re Boyce rule, of course, is to the effect that if there is an outstanding ground of rejection untouched by the reasons of appeal, the court must affirm the Patent Office no matter what other points are argued. Other considerations, theoretically, become moot.
In the LeBaron case a unanimous court accepted broad “reasons” as adequate to enable it to pass on the merits of the case, which it proceeded to do. The reasons were thus described:
* * * appellant’s reasons of appeal are general in form, alleging that the “Board of Appeals erred in. affirming the Primary Examiner’s rejection upon [references], * * *.
One point assumed to have been raised by such “reasons” was held to have been abandoned by failure to argue it in appellant’s brief but nothing was said to indicate that the “general” reasons of appeal were not entirely adequate. That was in 1955. From that time to this, I do not believe we have ever refused to consider a question for the sole reason that there was no reason of appeal “touching” it.
Whenever the court has wished to review a question considered below under the all-inclusive general type of reasons such as we have here, it has done so, and can now do so. The truth of this assertion is to be found in our decisions in the Wagenhorst, Kopplin, Bluestone v. Schmerling, O’Brien, Woodling, LeBaron, Howell and Arnold et al. cases. What we had authority to do there, we have the authority to do here.
Another large field in which we pass on issues not specifically raised by reasons of appeal without giving the matter a second thought is in appeals in interferences. An early case illustrating this fact is Kratz et al. v. Calvert, 29 CCPA 1097, 129 F. 2d 542, 54 USPQ 264. Clearly the court did not there regard the absence of a reason of appeal as having any effect on its “jurisdiction” or power to decide a question it wanted to decide. The question was the derivation of the invention by Kratz et al. from Calvert — a question of originality. The court pointed out:
.* * * appellants made no reference to it in the reasons of appeal stated in the appeal to ns. Notwithstanding this omission, however, appellee has raised and argued the question before us, and for reasons hereinafter stated, we think it is involved and should be decided.
*$$$*$*
[3] As has been stated, the question of originality was not referred to in the reasons of appeal stated in the appeal to us, nor was it discussed at any length in appellants’ brief before us in this case. * * *. Appellee, however, has raised *1510 the question and discussed it elaborately. It is a question ancillary to priority and appellee has the right to raise it and have it determined. [My emphasis.]
The court then proceeded to decide the case on that sole ground and did not consider “other questions raised in the reasons of appeal.” Augmenting the foregoing decision, see Klemperer v. Price, 47 CCPA 729, 271 F. 2d 743, 123 USPQ 539, from which it is clear that in an interference we will consider any question, decided adversely to a successful party, on the appeal of the loser, if the question is ancillary to priority and regardless of the reasons of appeal filed by the appellant. The successful party is not allowed to appeal and so no reasons of appeal are filed by him.
In his concurring opinion in this case, Judge Martin finds the supposed insufficiency of the reasons here to reside in the fact (external to the reason per se) that “there are several dates involved, any one of which could he determinative of the issues here presented.” I cannot agree with this analysis of the facts. One reference only is, relied on as a statutory bar under 35 U.S.C. 102(d) and the sole question is when the reference became a “patent” in Germany. The Patent Office relies on a single date, January 23, 1958.[9] The sole issue here is whether that date is correct. If appellant can establish that there was no patent on that date, he wins. Appellants’ simple argument is that there was no patent on January 23,1958, because the patenting date was April 11,1958, a date which is, of course, too late to support the Patent Office rejection.
But even if there were an argument involving “several dates” in this case, in the precedents I have cited the court found to' be acceptable reasons of appeal which were substantially the equivalent of those here in cases where there were multiple issues involving multiple claims, multiple references, and multiple grounds of rejection. On the basis of those precedents, therefore, I say with respect to Judge Martin’s comments in both this case and in No. 6898, the Timmerbeil et al. case, that the existence of “several dates” or “several references” does not necessitate a holding that the reasons of appeal are not “adequate.” Some better reason than that must be found to square with our decision in the Arnold and Brandt case, in which we said “There really is no hard and fast rule,” and held adequate reasons the same in form as those here and in No. 6898, opinion by Judge Martin.
As an interesting bit of history of the operations under these statutes, which have not been changed in their requirements since 1839— so that, necessarily, it was the same law — the “Pules and Directions for Proceedings in the Patent Office” of August 1, 1869, which were the *1511 first to include forms showing how to write reasons of appeal, set forth the following with official approval (Form 31) :
And the said George Thompson assigns the following reasons for appealing from the said decision of the Commissioner of Patents, viz:
The Commissioner erred in deciding that the said improvement was not patentable.
The Commissioner erred in deciding that the said invention was not new.
The Commissioner erred in deciding that the said invention was not useful.
The Commissioner erred in refusing a patent (or reissue) to appellant.
[If the appeal be from the decision of the Commissioner in a case of interference, the reasons may be as follows:]
The Commissioner erred in awarding priority of invention to William Brown.
The Commissioner erred in not awarding priority of invention to appellant.
These were repeated in the rules dated November 1,1869. The rules of Jtdy 1870, the year of the consolidated patent act, gave the same form (Form 32) but included only the first two reasons.
The August 1871 “Kules of Practice of the United States Patent Office” made a radical change. Form 34 included the instruction which, in my LePage's opinion, I quoted from the 1886 rules, namely:
34. * * * (Here follow reasons, which should be full and explicit, and constitute a brief of appellant’s argument.)
In 1897 the form provided by Patent Office rules was again changed and the above advice was replaced by the following:
34. * * * [Here set out in separate counts the specific errors in the Commisr sioner’s decision complained of.]
The equivalent was continued into the 1950’s.
The present Patent Office rules provide no form at all.
We thus see that official sanction has been given to reasons of appeal which are little more than formalities and that at another period the reasons of appeal metamorphosed into a brief of the argument. There is no question but that practice has changed through the years— but the statutes have remained the same.
It seems to me that the majority is now confusing statutory mandate with mere matters of practice as the court has at times in the past chosen to enforce them.
For a generation (1839-1870), reasons of appeal such as we have here were officially regarded as being in compliance with the predecessor statute to 35 U.S.C. 142. It is self-evident that there is literal compliance. The reasons here are (1) “reasons of appeal”; (2) they specify that the error of the Commissioner was in affirming the rejection of claims 10 to 16 and in not allowing those claims; and (3) they certainly are “set forth in writingBeyond that, if we require anything more, we do so not because we are compelled by the statute to *1512 do so, but just because we want to. We should not pretend otherwise. For a decade, at least, we have not been requiring more.
For the reasons above stated, I cannot see the slightest excuse for reversing the procedural law that we have so recently reaffirmed in the Howell and Arnold et al. cases, without even an attempt to reconcile them, to the utter bafflement of the bar, the dismay of the litigants, and the denigration of their attorney’s professional reputation.
I would decide the case on the merits.
I wish to express agreement with Judge Smith’s dissenting opinion in In re Timmerbeil et al. (JSTo. 6898) decided concurrently herewith.
APPENDIX

The Foregoing Opinion is Based, on a Study of the Following 92 Court of Customs and Patent Appeals Cases Involving Reasons of Appeal

In re Smith, 17, CCPA 752, 36 F. 2d 522, 4 USPQ 235;
In re Schneider, 17 CCPA 952, 39 F. 2d 278, 5 USPQ 57;
Jantzen Knitting Mills v. West Coast Knitting Mills, 18 CCPA 1142, 47 F. 2d 954, 8 USPQ 561;
In re Perrigo, 18 CCPA 1323, 48 F. 2d 965, 9 USPQ 152;
Brydle v. Honigbaum, 19 CCPA 773, 54 F. 2d 147, 11 USPQ 219;
Mas v. Root, 19 CCPA 819, 54 F. 2d 435, 12 USPQ 13;
Southgate v. Greene, 19 CCPA 1129, 57 F. 2d 374, 13 USPQ 160;
Derby Oil Co. v. White Star Refining Co., 20 CCPA 816, 62 F. 2d 984; 16 USPQ 297;
In re Wagenhorst, 20 CCPA 991, 64 F. 2d 780, 17 USPQ 330;
In re Muller, 20 CCPA 1162, 65 F. 2d 169, 18 USPQ 24;
Osgood v. Ridderstrom, 21 CCPA 1176, 71 F. 2d 191, 22 USPQ 35;
Helen Schy-Man-Ski & Sons, etc. v. S. S. S. Co., 22 CCPA 701, 73 F. 2d 624, 23 USPQ 286;
In re Lawson, 22 CCPA 1016, 75 F. 2d 633, 24 USPQ 419;
In re Thomas et al., 23 CCPA 1238, 83 F. 2d 902, 30 USPQ 22;
In re Wheeler, 23 CCPA 1241, 83 F. 2d 904, 30 USPQ 20;
In re Ferenci, 23 CCPA 1273, 84 F. 2d 394, 30 USPQ 50;
Daley v. Trube, 24 CCPA 964, 88 F. 2d 308, 30 USPQ 571;
In re Dichter, 27 CCPA 1060, 110 F. 2d 664, 45 USPQ 91;
In re Jeffery, 27 CCPA 1311, 112 F. 2d 827, 46 USPQ 83;
In re Rosenblatt, 28 CCPA 1036, 118 F. 2d 590, 49 USPQ 117;
In re Davis et al., 29 CCPA 723, 123 F. 2d 651, 51 USPQ 458;
In re Wesselman, 29 CCPA 988, 127 F. 2d 311, 53 USPQ 365;
Kratz et al. v. Calvert, 29 CCPA 1097, 129 F. 2d 542, 54 USPQ 264;
In re Rothenberg et al., 29 CCPA 1230, 129 F. 2d 706, 54 USPQ 417;
In re Cohen, 30 CCPA 876, 133 F. 2d 924, 56 USPQ 567;
Paulson v. Hyland, 30 CCPA 1150, 136 F. 2d 695, 58 USPQ 275;
Boilcau v. Godfrey, 31 CCPA 723, 138 F. 2d 67, 59 USPQ 149;
In re Langsner, 31 CCPA 785, 139 F. 2d 512, 60 USPQ 189;
Mantz v. Jackson, 31 CCPA 824, 140 F. 2d 161, 60 USPQ 329;
In re Sussman, 31 CCPA 921, 141 F. 2d 267, 60 USPQ 538;
In re Hansen, 31 CCPA 992, 141 F. 2d 508, 61 USPQ 119;
Poulsen et al. v. McDowell, 31 CCPA 1006, 142 F. 2d 267, 61 USPQ 342;
Franco-Italian Packing Food Corp. v. Van Camp Sea Food Co., 31 CCPA 1029, 142 F. 2d 274, 61 USPQ 369;
In re Kingston, 31 CCPA 1050, 142 F. 2d 259, 61 USPQ 411;
*1513 Mitchell v. Hennion, 31 CCPA 1129, 143 F. 2d 623, 62 USPQ 81;
In re Sebald, 31 CCPA 1148, 143 F. 2d 366, 62 USPQ 90;
Yeates v. Baer, 31 CCPA 1172, 143 F. 2d 607, 62 USPQ 157;
In re Freedlander, 31 CCPA 1199, 143 F. 2d 982, 62 USPQ 309;
The Vitab Corp. v. The Know Co., 31 CCPA 1205, 143 F. 2d 883, 62 USPQ 276;
Weco Products Co. v. Milton Ray Co., 31 CCPA 1214, 143 F. 2d 985, 62 USPQ 312;
In re Boyce, 32 CCPA 718, 144 F. 2d 896, 63 USPQ 80;
In re Arter, 32 CCPA 882, 147 F. 2d 701, 64 USPQ 563;
In re Dalzell et al., 32 CCPA 938, 148 F. 2d 357, 65 USPQ 215;
In re Smith, 32 CCPA 1256, 150 F. 2d 700, 66 USPQ 306;
In re Voit et al., 33 CCPA 737, 152 F. 2d 987, 68 USPQ 206;
In re Glocker, 33 CCPA 789, 153 F. 2d 119, 68 USPQ 194;
In re Isler, 33 CCPA 791, 152 F. 2d 1002, 68 USPQ 198;
In re Weijlard et al., 33 CCPA 837, 154 F. 2d 133, 69 USPQ 86;
In re Saunders et al., 33 CCPA 1001, 154 F. 2d 693, 69 USPQ 341;
In re Mork, 33 CCPA 1048, 155 F. 2d 276, 69 USPQ 527;
Farrington et al. v. Mikeska, 33 CCPA 1073, 155 F. 2d 412, 69 USPQ 509;
In re Scharf, 33 CCPA 1079, 155 F. 2d 734, 69 USPQ 518;
Draeger et al. v. Bradley, 33 CCPA 1130, 156 F. 2d 64, 70 USPQ 183;
In re Russell, 34 CCPA 721, 157 F. 2d 190, 71 USPQ 85;
In re Curley et al., 34 CCPA 749, 158 F. 2d 300, 72 USPQ 116;
In re Emmey et al., 34 CCPA 1097, 161 F. 2d 754, 74 USPQ 38;
In re Ray, 35 CCPA 1088, 167 F. 2d 504, 77 USPQ 375;
In re Lindenblad, 35 CCPA 1132, 168 F. 2d 110, 77 USPQ 604;
In re Goldberg, 35 CCPA 1225, 168 F. 2d 527, 78 USPQ 69;
In re Irmscher, 36 CCPA 767, 171 F.2d 303, 80 USPQ 136;
In re Cremer et al., 36 CCPA 980, 173 F. 2d 376, 81 USPQ 160;
Kohl v. Wilms, 36 CCPA 1099, 175 F. 2d 466, 82 USPQ 173;
In re Delancey, 37 CCPA 760, 177 F. 2d 377, 83 USPQ 388;
Botnen v. Dorman, 37 CCPA 813, 179 F. 2d 249, 84 USPQ 270;
Miller v. Nemmer et al., 37 CCPA 866, 179 F. 2d 979, 84 USPQ 445;
In re Booge et al., 37 CCPA 927, 179 F. 2d 986, 84 USPQ 482;
Field v. Knowles, 37 CCPA 1211, 183 F. 2d 593, 86 USPQ 373;
In re De Vaney, 38 CCPA 735, 185 F. 2d 679, 88 USPQ 97;
In re Pappas et al., 38 CCPA 746, 185 F. 2d 695, 88 USPQ 108;
In re Tamarin, 38 CCPA 872, 187 F. 2d 160, 88 USPQ 490;
In re Strain, 38 CCPA 933, 187 F. 2d 737, 89 USPQ 156;
In re Dalton et al., 38 CCPA 953, 188 F. 2d 170, 89 USPQ 271;
In re Shao Wen Yuan, 38 CCPA 967, 188 F. 2d 377, 89 USPQ 324;
Kruger v. Resnick, 39 CCPA 994, 197 F. 2d 348, 94 USPQ 65;
In re Blood, 39 CCPA 1037, 197 F. 2d 545, 94 USPQ 189;
In re Worrest, 40 CCPA 804, 201 F. 2d 930, 96 USPQ 381;
In re Hultquist, 40 CCPA 927, 203 F. 2d 758, 97 USPQ 328;
In re Woodling, 41 CCPA 809, 210 F. 2d 955, 101 USPQ 108;
In re Nutman, 42 CCPA 914, 222 F. 2d 759, 106 USPQ 111;
In re LeBaron, 42 CCPA 956, 223 F. 2d 471, 106 USPQ 176;
St. Pierre v. Harvey, 43 CCPA 918, 233 F. 2d 337, 110 USPQ 47;
In re Chaplin, 44 CCPA 941, 245 F. 2d 249, 114 USPQ 157;
In re Storrs, 44 CCPA 981, 245 F. 2d 474, 114 USPQ 293;
In re Gray, 45 CCPA 777, 251 F. 2d 622, 116 USPQ 411;
Tolle et al. v. Starkey, 45 CCPA 979, 255 F. 2d 935, 118 USPQ 292;
*1514 Bluestone v. Schmerling, 46 CCPA 842, 265 F. 2d 948, 121 USPQ 417;
In re O’Brien, 46 CCPA 851, 265 F. 2d 940, 121 USPQ 461;
Klemperer v. Price, 47 CCPA 729, 271 F. 2d 743, 123 USPQ 539;
Robert Hall Clothes, Inc. v. Studds, 48 CCPA 831, 286 F. 2d 615, 128 USPQ 542;
In re Griner, 48 CCPA 852, 287 F. 2d 178, 129 USPQ 61;
In re Howell, 49 CCPA 922, 298 F. 2d 949, 132 USPQ 449; and
In re Lorenz et al., 49 CCPA 1227, 305 F. 2d 875, 134 USPQ 312.

 In re Howell, Jr., 49 CCPA 922, 298 F. 2d 949, 132 USPQ 449.

 In re Kopplin, 32 CCPA 848, 146 F. 2d 1014, 64 USPQ 403.

 In re Arnold and Brandt, 50 CCPA 1466, 315 F. 2d 951, 137 USPQ 330, April 25, 1963.

 See Appendix to this opinion.

 The Examiner’s Answer relied only on this date, the date of the “Patentblatt” containing the notice that the patent had been granted, which date was prior to appellants’ filing date of February 26,1958.